WESTCHESTER COUNTY.—HON. OWEN T. COFFIN, SURROGATE.—December, 1881.

## DUNCAN *v.* GUEST.

*In the matter of the estate of* ELSIE A. HEELAS, *deceased.*

The creditors of a distributee are not proper parties to an accounting of the administrator before the Surrogate, and cannot contest the validity of the assignment of such distributee's share.

G., as next of kin of the intestate, was entitled to a distributive share of the estate, which he assigned to his wife. His creditors attached, in the hands of the administrator, the share so assigned, claiming that the assignment was fraudulent and void. Upon the accounting of the administrator, the creditors sought to intervene and to prevent the payment of the share to the wife until the validity of the assignment to her could be settled. *Held,* that the creditors had no standing in the Surrogate's court, and that the share must be paid to the wife as assignee.

Sections 2743 and 2745 of the Code of Civil Procedure,—construed.

MOTION to amend a decree rendered on the judicial settlement of administrator's account.

The decedent died intestate in 1878, leaving, among other next of kin, entitled to the personal estate, Isaac B. Guest. In 1880, he duly assigned his distributive share to Charlotte W. Guest, his wife. He was then owing some debts, which his creditors, David Duncan and others, sought to recover by attaching, in the hands of the administrators, the share so assigned, claiming that the assignment was fraudulent and void. Mrs. Guest, as assignee, was a party to this proceeding, the object of which was to settle judicially the account of the administrator. These creditors of Mr. Guest were not parties, but they sought to intervene and prevent the payment of this share until the validity of the assignment could be settled in a proper forum. A decree having been rendered, authorizing the administrator, among other things, to retain this fund until the further order of the court, a motion was now made so to amend the decree as that it should direct the payment of the fund to Mrs. Guest.

M. J. KEOGH, *for administrator.*

S. V. R. COOPER, *for Mrs. Guest.*

TREADWELL CLEVELAND, *for creditors.*

THE SURROGATE.—An opportunity is now offered for the proper consideration of the point discussed, which was not presented when the decree complained of was made.

I think it quite clear that the creditors of a distributee are not proper parties before me on an accounting.

Only creditors of the decedent, or those claiming to be such, can appear or be heard. Section 2743 of the Code enumerates the classes of persons among whom can be decreed the distribution of the funds of the estate, and creditors of a distributee are not named among them. Section 2745 declares in what cases the decree must direct a sum sufficient to meet a claim against the decedent to be retained by the executor or administrator.

As the statute now authorizes the court to decree payment to an assignee of a legatee, next of kin, etc., if the assignor were to appear on such an accounting, and dispute the validity of the assignment, doubtless it would be the duty of the court to hear and determine the controversy, in order to decree payment to the person entitled thereto, but a mere creditor has no such right. The application to amend the decree in the manner sought must be granted.

Ordered accordingly.