## In re WITT'S ESTATE.

(Surrogate's Court, New York County. January 16, 1913.)

---

(79 Misc. Rep. 592.)

## In re GOLLMAR.

(Surrogate's Court, Kings County. February, 1913.)

1. EXECUTORS AND ADMINISTRATORS (§ 471*)—ACCOUNTING—INTERVENTION.
    A holder of a third mortgage given by a residuary legatee, secured on the property conveyed by the will, has no standing in proceedings for an accounting by the executor.
    [Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. §§ 2018–2024; Dec. Dig. § 471.*]

2. EXECUTORS AND ADMINISTRATORS (§ 475*)—ACCOUNTING.
    Where an executor has in his hands a mortgage, and without the aid of the same the legacies and charges against the estate cannot be paid, he is entitled on accounting to charge himself with the mortgage and reduce the same to the needs of his administration.
    [Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. § 2061; Dec. Dig. § 475.*]

In the matter of the settlement of the account of Hugo C. Gollmar, as executor of Albert Straub. Decree rendered.

Gustavus S. Smith, of Brooklyn, for executor.
Gross & Surpless, for receiver of John G. Straub.
George Tiffany, of Brooklyn, for Jane McAllis Barwood.
Watson & Kristeller, of New York City, for Marian Hand.
D. Ray McDonald, of Brooklyn, for Louise Eitel.

KETCHAM, S. The decedent died possessed of a bond of his brother for $3,000, secured by a second mortgage. The brother is the residuary legatee, and the will contains general legacies to the amount of $850. The executor states the balance of his account, subject to commissions and expenses of administration, at $3,812.11. This sum

is reached after charging himself with $3,035.50, on account of the mortgage last mentioned.

In proceedings supplementary to execution against the residuary legatee, a receiver of his property was appointed, who now not only claims to be entitled to receive a portion of the residuary legacy, but insists that the mortgage is a subsisting claim against the residuary legatee, and should be enforced for the benefit of the receiver. But since the decedent's death the residuary legatee has delivered a third mortgage upon the same lands, and has accompanied it with an agreement that the second mortgage has merged in the fee of the lands, that he will obtain from the executor a satisfaction thereof, and that the lien of the third mortgage shall be superior to the lien of the second mortgage.

[1] In reliance upon this arrangement, the holder of the third mortgage seeks to intervene, asking that her claim be ascertained and decreed to be superior to the claims of the receiver. Plainly the holder of this third mortgage has no standing in this proceeding. She is not a party interested in the fund now under examination. She is only the holder of the residuary legatee's obligation. None of the relations or interests which she discloses can be adjudicated in this case. Duncan v. Guest, 5 Redf. Sur. 440; Matter of Redfield, 71 Hun, 344, 25 N. Y. Supp. 3; Estate of Witt, 141 N. Y. Supp. 179.

[2] The claims of the receiver require no attention upon the face of this account. The executor charges himself with the $3,000 mortgage, with interest, as so much money in his hands, and his account must be settled according to his statement. He asks the instruction of the court in regard to the disposal of the mortgage, but the court is not his adviser. He, and not the surrogate, is the responsible officer of the estate.

There is no room for discussion as to whether the executor is justified in accounting for the mortgage and in reducing the same to the needs of his administration. Without the aid of the mortgage, the legacies and charges of the estate cannot be paid. Upon the account as made, standing as it does without objection, none of the questions argued requires determination. They cannot arise until the mortgage is converted into cash, and the actual balance of the estate is substituted for the balance now declared.

The decree may therefore direct that any party may apply on the foot thereof for proper direction.

Decreed accordingly.