(92 Misc. Rep. 330)

### In re KENNY.

(Surrogate's Court, Kings County. November, 1915.)

1. EXECUTORS AND ADMINISTRATORS ☞472—SETTLEMENT OF ACCOUNTS— PARTIES—DISMISSAL.

Where the petition for the judicial settlement of an executor's account alleges that a bank is a person interested in the proceeding, and describes it as a "depository of funds alleged to belong to the decedent," and it clearly appears from the statement in the account that the bank is only a debtor of decedent, or of the person named as a possible beneficiary of the deposit, the bank's motion to dismiss the proceeding as to itself for lack of jurisdiction should be sustained; Code Civ. Proc. § 2510, extending the surrogate's jurisdiction, not enlarging the class of persons who, under section 2730, may be made parties to proceedings for the judicial settlement of the accounts of an executor.

[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. §§ 2025–2040; Dec. Dig. ☞472.]

2. EXECUTORS AND ADMINISTRATORS ☞472—PARTIES ☞1—JUDICIAL PROCEEDINGS—"PARTIES TO THE PROCEEDING"—"PARTY."

The "parties to the proceeding," within Code Civ. Proc. § 2510, conferring jurisdiction on the surrogate "to administer justice in all matters

relating to the affairs of decedents, and * * * determine all questions * * * arising between any and all parties to any proceeding," can only be those who are properly such, and do not include a person whom the petitioner unlawfully impleads in a proceeding. A "party" to a judicial proceeding is one whose interest in the subject-matter, whether favorable or adverse, is such that his presence on the record is either necessary or proper.

[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. §§ 2025–2040; Dec. Dig. ☞472; Parties, Cent. Dig. § 1; Dec. Dig. ☞1.

For other definitions, see Words and Phrases, First and Second Series, Party; Party to Proceeding.]

3. EXECUTORS AND ADMINISTRATORS ☞472—JURISDICTION OF SURROGATE'S COURT—PERSONS "DULY CITED."

As used in Code Civ. Proc. § 2511, providing that the Surrogate's Court shall have jurisdiction of all persons who have been duly cited, the words "duly cited" mean properly included in a citation which has been properly served; and hence a person not properly a party to the proceeding could not be duly cited.

[Ed. Note.—For other cases, see Executors and Administrators, Cent. §§ 2025–2040; Dec. Dig. ☞472.

For other definitions, see Words and Phrases, First and Second Series, Citation.]

4. COURTS ☞198—SURROGATE'S COURT—JURISDICTION—"THE MATTER."

"The matter," within Code Civ. Proc. § 2510, conferring on the Surrogate's Court jurisdiction of questions arising as to matters necessary to be determined to make a complete disposition of the matter as justice requires, is manifestly the proceeding, together with all that needs to be disposed of within the recognized confines of the cause, in order to adjust all the interests of all the parties therein.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 469, 471–475, 478; Dec. Dig. ☞198.

For other definitions, see Words and Phrases, First and Second Series, Matter.]

Proceeding on the judicial settlement of the account of Norbert J. Kenny, executor of the last will and testament of Hugh Kenny, deceased. On motion by the Brooklyn Savings Bank that as to itself the proceeding be dismissed for lack of jurisdiction. Motion granted.

Snedeker & Snedeker, of Brooklyn, for Brooklyn Savings Bank.
Francis J. Sullivan, of New York City, for accountant.

KETCHAM, S. [1] This is a motion made by the Brooklyn Savings Bank that as to itself this proceeding be dismissed for lack of jurisdiction. The accountant, in his petition for the settlement of his account, alleges that the bank is a person interested in this proceeding, and in that behalf describes it as "a depository of funds alleged to belong to the decedent." In accordance with these allegations and the prayer of the petition, the citation in this proceeding was addressed to the bank, and has been served. The account contains the following:

"Decedent left a bank account with the Brooklyn Savings Bank, in his own name in trust for Rita Marie Bennett, his said granddaughter, and the passbook thereof came into my custody from the possession of decedent upon his death on April 15, 1914."

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

The Code directs that upon a settlement of the account of an executor there must be cited certain persons, described by classes. Code Civ. Proc. § 2730. It is to be confessed that this is not equivalent to a direction that no other person than those designated can be cited; but the Surrogate's Court has no jurisdiction, either of subject-matter or person, "except such as is expressly or by necessary implication conferred by statute." Matter of Thompson, 184 N. Y. 36, 44, 76 N. E. 870, 872. Hence, unless jurisdiction of the person of the bank is conferred by statute, it does not exist.

Although the bank is described in the petition as a depositary of funds alleged to belong to the decedent, the statement in the account makes it clear that at the death of the decedent the bank was only a debtor either of the decedent or of the person named as a possible beneficiary of the deposit. The accountant insists that he, as the representative of the decedent, is entitled to the amount of the deposit. He therefore limits himself to the claim that the bank owed a sum of money to the decedent at the time of death, either in the absence of a trust or on the theory that any trust which was created by the deposit for the benefit of the possible beneficiary was void as to the estate, or its creditors, upon some equitable ground.

Nowhere in the statutes to which alone appeal must be made in support of the jurisdiction asserted is it either provided or implied that in an accounting by an executor such a debtor of the estate or the trustee of a voidable trust attempted by the decedent is a necessary or proper party. Except for the Code section to be quoted presently, the statute as it is does not differ from the statute as it was before the revision of 1914. Formerly it was implied, as it is now provided, that persons of prescribed classes should be cited. Then, as now, the statute contained no affirmation or suggestion that the court could take corporate jurisdiction of any persons other than those to whom citation was to be addressed, and there was a statutory silence as to whether any persons not among the classes indicated were either necessary or proper parties.

It results that the cases which arose under the former condition must control the interpretation of the present statute. These cases held that persons not interested in the estate or fund, either as persons entitled to a benefit in the estate under the will or as creditors of the decedent, were not to be impleaded in an accounting. Matter of Thompson, supra; Matter of Redfield, 71 Hun, 344, 25 N. Y. Supp. 3; Duncan v. Guest, 5 Redf. 440; Matter of Witt, 141 N. Y. Supp. 179, Fowler, S.; Matter of Collmar, 79 Misc. Rep. 592, 141 N. Y. Supp. 179. They apply to a person against whom the accountant alleges a debt or other affirmative cause of action. But the executor resorts to section 2510 of the Code as a new source of jurisdiction under which this present procedure is justified. That section is in part as follows:

"Each surrogate must hold, within his county, a court, which has, in addition to the powers conferred upon it, or upon the surrogate, by special provision of law, jurisdiction, as follows:

"To administer justice in all matters relating to the affairs of decedents, and upon the return of any process to try and determine all questions, legal or equitable, arising between any or all of the parties to any proceeding, or between any party and any other person having any claim or interest therein

who voluntarily appears in such proceeding, or is brought in by supplemental citation, as to any and all matters necessary to be determined in order to make a full, equitable and complete disposition of the matter by such order or decree as justice requires."

The jurisdiction for which the executor contends would involve a departure from the traditions of this court so distinct and agressive that nothing but clear words of grant would justify it. In Matter of Thompson, supra, which was an accounting by the wife and executrix of the decedent, a creditor claimed that a part of the proceeds of a policy of insurance upon the life of the decedent, which the wife had collected, formed a part of the estate. The surrogate took cognizance of the question, whether the proceeds belonged to the decedent's wife or to his estate, and surcharged the executrix with the sum involved, for the benefit of creditors. This was disapproved by the Court of Appeals, and of the question thus determined Judge Vann said:

"The allegation that the insurance moneys were property of the estate did not give the surrogate jurisdiction to try the question of title or to enforce the lien, any more than if a similar allegation had been made with reference to real estate, or to personal property fraudulently transferred, or to the income from a trust fund in excess of the amount necessary to support the beneficiary and the like. Such questions are still withheld from the Surrogate's Court and when the Legislature intends to extend its jurisdiction to those subjects it is safe to assume that it will do so in express terms, and not leave it to be inferred from vague and indefinite expressions."

[2] It is under the caution contained at the end of the quotation that we must proceed in considering section 2510 of the present Code. The powers conferred by this section are guarded by provisions which indicate that the questions which the court may determine must be questions "between parties to the proceeding," or "between any party and any other person having any claim or interest who voluntarily appears or who is brought in by supplemental citation," as well as by the further provision that such questions must pertain to matters "necessarily to be determined" in order to make a disposition of "the matter."

The "parties to the proceeding" can only be those who are properly such. It cannot be suggested that the jurisdiction conferred was intended to embrace anybody whom the petitioner in a proceeding unlawfully impleads. It is well understood that a party to a judicial proceeding is one whose interest in the subject-matter, whether favorable or adverse, is such that his presence upon the record is either necessary or proper. This test throws the mind away from the mere fact that a person has been named as a party. It makes the nature of the case the only standard.

[3] This is the inevitable result of general principles set forth in the cases cited supra, without which every person who might be loaded into a proceeding at the whim or design of a litigant would forever remain a party, however strange to the subject-matter, but these rules are now carried into the new statute by which the persons of whom the Surrogate's Court has bodily jurisdiction as parties are designated, necessarily to the exclusion of all others. Code, § 2511. Among these are persons "duly cited," and unless the words quoted

are so restricted as to refer only to the method of service, which would be idle and intolerable, they must mean "properly included in a citation which was properly served."

If this interpretation be just, the rule once announced when the Code did not contain any express provision as to the persons over whom the surrogate had jurisdiction is now clearly confirmed. It would follow from the earlier cases, and with precise force from the section last cited, that the bank in the case at bar was not "duly cited," and, therefore, is not a party subject to the jurisdiction which the section confers. The section (2510) shows no intention to enlarge the class of persons who may be parties. Its provisions are amply fulfilled if it be held only to bestow greater powers for the disposition of questions which already normally inhere to a proceeding in which the parties lawfully impleaded therein are only such as are made lawful parties by provisions found elsewhere in the Code. The section is satisfied if it be held merely that new facilities are afforded for the disposition of old controversies necessarily cognate to the old subject-matter, but which were once unavoidably and unfortunately left to a court of larger jurisdiction.

[4] This appears in the words which define and limit all the powers contemplated under the enactment. These are the words with which the provision closes, viz. that the questions of which the court is granted cognizance are those "arising * * * as to any and all matters necessary to be determined in order to make a full, equitable and complete disposition of the matter by such order or decree as justice requires." "The matter" is manifestly the proceeding, together with all that needs to be disposed of within the recognized confines of the cause, in order to adjust all the interests of all the parties therein.

In Matter of Holzworth, 166 App. Div. 150, 151 N. Y. Supp. 1072, affirmed without opinion 215 N. Y. 700, 109 N. E. 1079, which was an accounting by an executor, it was claimed that "by section 2510 of the present Code of Civil Procedure the Surrogate's Court has been given full equity jurisdiction in every proceeding that comes before it," and that the surrogate in that case "had the power to exercise this full equity jurisdiction on the facts that came before him," and, therefore, to direct the disposition in specie of certain assets of the estate. In the Appellate Division, Mr. Justice Carr found that the proposal so to distribute the assets was specifically governed by section 2736 of the Code, which, among other conditions particularly imposed as a prerequisite to a distribution in kind, required that a consent of all the parties interested be filed. Says the court:

"The surrogate had no jurisdiction whatever to act as he did, unless there is some other provision of the statute [than section 2736] which confers the power upon him."

The remainder of the opinion is devoted to the inquiry whether section 2510 contains any power sufficient to override the precise regulations found in section 2736. The obvious question was whether the grant of equity faculties with which the section 2510 opens could be said to prevail as the sole and plenary source of the surrogate's power

against the limitations which in section 2736 were laid at the root of any power whatever. In this respect the court concludes:

"As I understand the law of statutory construction, all general phrases in a statute must yield to a particular specification contained in the same statute. As to the subdivisions of section 2510, just quoted, the cases and the manner in which the surrogate may exercise his equitable jurisdiction are specified particularly. Where there is such a specification, it must exercise its jurisdiction in accordance with the specification. Its general equitable power must yield to the statutory restrictions upon it or directions as to it, and where the statute prescribes when and how it shall act, it cannot act otherwise than is prescribed. I think this is so well settled, even as to courts of general equitable jurisdiction, as to require no discussion."

The clear teaching of the case is that, however broad the grant of power under section 2510, it is curbed by the express command of section 2736. The parallel is complete. However ample the grant of powers might by for application to the case at bar, if it were not qualified elsewhere in the statute, it must yield to clear enactments in the same statute which prescribe the court's jurisdiction of the person and limit the class of necessary and proper parties.

It is useless to argue that in the opinion quoted there was any thought that the particular provision of the statute which restricted the general power was to be found in section 2510. There was no restriction or specification in that section as to distribution in kind. The only suggestion in any of its subdivisions 1 to 8 as to qualifications of any of the powers therein contemplated was that such qualifications were to be looked for in statutes other than the section itself. Subdivisions 1 to 8 contain no words of narrowing tendency. They are themselves as general and expansive as is the grant of power which precedes them. There is a free and joyous amplitude in their description of subjects of which the court may take cognizance; but, as to restraints upon the treatment of these subjects, the only reference is, contained in the words "in the cases and in the manner prescribed by statute," language plainly postponing the mind to instances and methods to be sought outside of the section itself.

In section 2736, one of these other statutes, there is the definite restriction with respect to distribution in specie which nobody can discover in these subdivisions 1 to 8. That was the restriction which the court found. It was that upon which the court had commented as the only specific regulation of the surrogate's power, unless some other provision was found in section 2510. While the opinion quotes subdivisions 3 and 4 of section 2510, they are quoted only to introduce and give meaning to section 2736.

Motion granted.