John J. Dillon, S.
The account of the administrator d. b. n. was settled by a decree of this court dated August 2, 1955, and such decree directed that the balance of the estate be paid to the Commissioner of Finance of Westchester County “to be held for the benefit of Morgan A. Drew, until further order of this Court ’ ’. The United States of America served a notice of levy upon the Commissioner of Finance pursuant to section 6331 of the Internal Revenue Code of 1954 (U. S. Code, tit. 26), and then instituted the within proceeding to withdraw the fund on deposit in partial satisfaction of its claim for unpaid income taxes against Morgan A. Drew.
A creditor of a beneficiary of an estate is neither a necessary party to an accounting proceeding under section 262 of the Surrogate’s Court Act, nor a person interested in the estate of decedent under subdivision 10 of section 314 of the Surrogate’s Court Act. In Matter of Riegel (165 Misc. 265), Surrogate Foley dismissed objections interposed to an accounting proceeding by a creditor of a beneficiary, stating at page 267: ' ‘ The law properly confines the right to compel an accounting or to object to an account to persons legally interested. It excludes from appearance in a proceeding alleged creditors of creditoi s, or of legatees and other classes of beneficiaries.” (See, also, Duncan v. Guest, 5 Redf. 440.)
However, the United States is not in the same position as an ordinary creditor and as was pointed out in Matter of Rosenberg (269 N. Y. 247, 251) the Surrogate has jurisdiction to enforce a lien for unpaid income taxes, and “ no policy of this State may interfere with the power of Congress to levy and collect taxes on income.”
The court determines that the United States is entitled to the money being held for the benefit of Morgan A. Drew, and accordingly the application to withdraw such money is granted.
Submit order.