In the Matter of the Estate of M. WINIFRED BURNS, Also Known as WINIFRED BURNS, Deceased. [646 NYS2d 18]

The appellant is the ex-husband and a judgment creditor of Myra Springer, a specific devisee of certain real property under

the will of her mother, the decedent M. Winifred Burns. The appellant moved, *inter alia,* for leave to intervene in the proceeding in which the real property was to be sold. By order dated April 8, 1994, the Surrogate's Court denied the branch of the motion which was for leave to intervene, restrained the distribution of the proceeds of the sale of the real property pending a final decree judicially settling the account of the executrix, and made the appellant a party to the proceeding to judicially settle the account. By order to show cause dated December 5, 1994, the executrix, Judith Elaine Jones, the respondent on appeal, moved to resettle or renew the prior order to the extent that the appellant was made a party to the proceeding. The Surrogate's Court deemed the motion to be for reargument, granted the motion, and upon reargument, vacated so much of the order dated April 8, 1994, as made the appellant a party to the proceeding to judicially settle the account.

The appellant contends that the Surrogate's Court erred in treating the motion as one for reargument since it was untimely and that the appellant was prejudiced by the order.

"[R]egardless of statutory time limits concerning motions to reargue, every court retains continuing jurisdiction to reconsider its prior interlocutory orders during the pendency of the action" (*Liss v Trans Auto Sys.,* 68 NY2d 15, 20; *Aridas v Caserta,* 41 NY2d 1059, 1061). The Surrogate's Court had the discretion to reconsider its prior order even though the time to make the motion to reargue had expired.

Moreover, upon granting reargument, the Surrogate's Court correctly decided the merits since a creditor of a legatee is not a proper party to a proceeding to judicially settle an account (*see, e.g., Matter of Lainez,* 79 AD2d 78, *affd* 55 NY2d 657; *Matter of Drew,* 10 Misc 2d 1045).

The appellant's remaining contentions are without merit. O'Brien, J. P., Sullivan, Florio and McGinity, JJ., concur.