*326
 
 Collin, J.
 

 The record presents primarily the question whether or not the Surrogate’s Court had jurisdiction to determine the validity of the claim of the respondents.
 

 The executors rejected the claim on March 1, 1911. Subsequently claimants and the executors entered into a writing, dated April 25, 1911, which, after reciting the rejection of the claim, proceeded: “It is hereby agreed and consented, by and between the parties that the said action may and shall be submitted to- the Surrogate of the County of Delaware for hearing and determination by him upon the judicial settlement of the accounts of said Executors.” On September 18, 1911, the claimants filed the writing of April 25, 1911. In the proceeding for the judicial settlement of the accounts of the executors evidence was received in regard to the claim and it was allowed by the decision and decree of the surrogate as stated. Exceptions by the executors raise the question to be determined by us.
 

 A surrogate can exercise only such jurisdiction as has been specially conferred by statute, together with those incidental powers which may be requisite to effectually carry out the jurisdiction actually granted.
 
 (Matter of Underhill,
 
 117 N. Y. 471.) Those claiming under the order or decree of the surrogate must show affirmatively his authority to make it, and the facts which give him jurisdiction. Prior to the passage of chapter 595 of the Laws of 1895, a surrogate had no jurisdiction to hear and determine a rejected or disputed claim against an estate of a decedent.
 
 (Tucker v. Tucker,
 
 4 Keyes, 136;
 
 McNulty
 
 v.
 
 Hurd,
 
 72 N. Y. 518;
 
 Matter of Callahan,
 
 152 N. Y. 320.) The counsel of the respondents recognizes such fact in the following language: “ Prior to the amendment of 1895, the surrogate had no jurisdiction, even by consent of the parties, to determine such a matter (a disputed claim), and a- stipulation by the parties that the matter might be determined by the surrogate would not have conferred jurisdiction upon him.” The amendment of
 
 *327
 
 1895 here referred to was of section 1822 of the Code of Civil Procedure, which theretofore read: “Where an executor or administrator disputes or rejects a claim against the estate of the decedent, exhibited to him, either before or after the commencement of the publication of a notice requiring the presentation of claims, as prescribed by law, unless the claim is referred, as prescribed by law, the claimant must commence an action for the recovery thereof against the executor or administrator, within six months after the dispute or rejection, or, if no part of the debt is then due, within six months after a part thereof becomes due; in default whereof he, and all persons claiming under him, are forever barred from maintaining such an action thereupon, and from every other remedy to enforce payment thereof out of the decedent’s property.” The amendment caused it to read as follows: “Where an executor or administrator disputes or rejects a claim against the estate of a decedent, exhibited to him, either before or after the commencement of the publication of a notice requiring the presentation of claims, as prescribed by law, unless a written consent shall be filed by the respective parties with the surrogate that said claim may be heard and determined by him upon the judicial settlement of the accounts of said executor or administrator as provided by section twenty-seven hundred and forty-three, the claimant must commence an action for the recovery thereof against the executor or administrator, within six months after the dispute or rejection, or, if no part of the debt is then due, within six months after a ' part thereof becomes due; in default whereof he, and all the persons claiming under him, are forever barred from maintaining such an action thereupon, and from every other remedy to enforce payment thereof out of the decedent’s property.”
 

 Obviously, the jurisdiction of a surrogate to hear and determine a disputed claim, granted exclusively by that section, is dependent upon the filing by the’ respective
 
 *328
 
 parties within six months after the dispute or rejection of the claim, with the surrogate, of their written consent as prescribed. A joint consent, such in effect as was made in the present case, filed within the six months by any party would fulfill the requirements of the statute. Individual consents may be made and filed, but the jurisdiction of the surrogate to act upon the consents is not complete or exercisable unless they are of all the parties and are all filed within the stated six months. In
 
 Clark
 
 v.
 
 Scovill
 
 (191 N. Y. 8, 12) Judge Chase wrote:
 
 “
 
 The plaintiff having duly presented her claim against the estate of the decedent to the executors of his will, and the executors having duly rejected the claim, and in the notice of rejection offered to refer the same, there was open to her three ways, by any one of which she could have proceeded to establish her claim : (1) She could have accepted the executors’ offer to refer the same and joined with them in an agreement in writing to refer the matter in controversy to one or more disinterested persons to be approved by the surrogate, and upon filing such agreement and approval in the office of the clerk of the Supreme Court in the county in which the parties or either of them reside an order would have been entered by the clerk referring the matter in controversy to the person or persons so selected. (Code Civil Procedure, § 2J18.) (2) She could have commenced an action for the recovery of the clairh against the executors, in which case it was necessary for her to commence the action within six months after the dispute or rejection of the claim. (§ 1822.) (3) She could within six months after '.the claim was rejected have filed a written consent with the surrogate that said claim might be heard and determined by him upon a judicial settlement of the account of said executors, as provided in section twenty-seven hundred and forty-three of the Code of Civil Procedure. If a similar consent had been filed by the executors, the surrogate would have obtained jurisdiction so to have
 
 *329
 
 heard and determined said claim. Each of the ways provided for establishing such a claim is independent of the other.”
 

 In the case at bar the written consent of the respective parties was not filed within the period of six months from March 1, 1911, the date of the rejection of the claim of the respondents, which expired September 1, 1911. The surrogate, therefore, did not have jurisdiction to hear and determine the claim.
 

 The order and the decree, in so far as appealed from, should be reversed, with costs to the appellant, and the matter remitted to the. Surrogate’s Court to proceed in accordance with this opinion.
 

 Willard Bartlett, Oh. J., Werner, Hiscock, Chase, Cuddebaok and Hogan, JJ., concur.
 

 Order reversed, etc.