In the Matter of the Estate of F. AUGUSTUS HEINZE, Deceased.

EMPIRE KAOLIN COMPANY, Appellant; WALTER A. FULLER-TON, as Administrator, etc., of F. AUGUSTUS HEINZE, Deceased, Respondent.

Third Department, July 2, 1917.

**Surrogate's Court — application for leave to intervene in proceeding to obtain approval of proposed contracts of administrator — claim of ownership of property which is subject-matter of proposed contract — application to intervene denied — jurisdiction of surrogate and limitation thereon.**

Where an administrator petitions the Surrogate's Court for the approval of certain proposed contracts which he deems to be for the benefit of the estate, a person who claims to have been a purchaser from a prior administrator of part of the securities involved in the proposed contracts has no standing to intervene in the proceeding, or any right to a hearing.

Nor has such third person a right to intervene to contest the jurisdiction of the Surrogate's Court to approve the contract, for, if in fact the surrogate has no jurisdiction, no order that he may make in the premises will be of any controlling force or binding upon the third party.

Wherever there is a want of authority to hear and determine the subject-matter of a controversy, an adjudication upon the merits is a nullity and does not estop even an assenting party. Moreover, the question of jurisdiction may be raised directly or collaterally whenever the power of the court to render the decision is brought in question.

The Surrogate's Court being of limited statutory jurisdiction has no power over the subject-matter of the controversy between the representative of the estate and said third person who seeks to intervene.

The amendment to section 2510 of the Code of Civil Procedure enlarging the jurisdiction of the Surrogate's Court to " determine all questions, legal or equitable, arising between any or all of the parties to any proceeding," etc., did not transform that court into one of general jurisdiction in law and equity, but only empowers it to deal with matters relating to the estate of a decedent.

Thus, the question as to whether a prior administrator transferred certain property of the estate to one who seeks to intervene as aforesaid, does not relate in any manner to the property of the estate, but involves an issue as to whether a sale has been made, which is not a matter within the jurisdiction of the surrogate and which is, moreover, a controversy subsisting between living persons.

The legality of the transfer of the property of the decedent must be tested in some direct proceeding brought for that purpose, as the surrogate has no jurisdiction.

APPEAL by Empire Kaolin Company from an order of the Surrogate's Court of the county of Saratoga, entered in the office of said Surrogate's Court on the 21st day of March, 1917, denying its motion for leave to intervene and be heard in this proceeding.

*Franklin Bien,* for the appellant.

*James A. Leary* [*Walter A. Fullerton* of counsel], for the respondent.

WOODWARD, J.:

Walter A. Fullerton, in a petition to the Surrogate's Court of Saratoga county, verified on the 1st day of March, 1917, alleges that he is " the duly appointed, qualified and acting administrator of the estate of F. Augustus Heinze, deceased," and that on the 27th day of February, 1917, " your petitioner as such administrator entered into two certain contracts, copies of which are hereto annexed and made a part hereof," and that such contracts were entered into subject to the approval of the Surrogate's Court. He then sets out the result to be obtained for the estate in the event of the contracts being approved. The surrogate fixed the fifteenth day of March as the date of hearing upon this petition, and directed that notice of the hearing be given to certain named parties or their attorneys. On the return day of Mr. Fullerton's application, the Empire Kaolin Company, which was not among the parties to whom notice was given, appeared and attempted to intervene and become a party. An affidavit and an alleged answer to the petition were filed with the Surrogate's Court, in which the appellant alleges that it became the purchaser of some part of the securities involved in the contracts sought to be approved prior to the issuing of letters to the petitioner, from a former administrator, and urges that the present proceeding is an effort to take its property without due process of law. It further alleges that the petitioner is not in fact the lawful administrator of the estate, and that the Surrogate's Court is without jurisdiction to grant the order of approval.

The learned surrogate denied the motion to intervene

on the ground that that corporation had failed to show any interest in the estate, and the corporation appeals to this court.

It seems to be the theory of the appellant that it had an absolute right to intervene in this proceeding for the purpose of raising the question of the jurisdiction of the Surrogate's Court to approve of the proposed contracts, and it claims this right because it is alleged that in some manner, not fully disclosed, there is to be a taking of its property without due process of law. It seems to us that the position of the appellant is wholly untenable, because if the Surrogate's Court is without jurisdiction no order that it has or can make in the premises can be of any controlling force, and it is not necessary to appear and raise the question before the surrogate. Wherever there is a want of authority to hear and determine the subject-matter of the controversy, an adjudication upon the merits is a nullity and does not estop even an assenting party. (*Matter of Walker*, 136 N. Y. 20, 29, and authority there cited; *O'Donoghue* v. *Boies*, 159 id. 87, 98, 99, and authorities there cited.) And the question of jurisdiction may be raised directly or collaterally whenever the power of the court to render the decision is brought in question. (*O'Donoghue* v. *Boies, supra; Knickerbocker Trust Co.* v. *O., C. & R. S. R. Co.*, 201 N. Y. 379, 386.) So that if the appellant's contention is correct, that the Surrogate's Court was without jurisdiction to approve of the contracts, or to adjudicate upon the ownership of the particular property covered by such contracts, then it is a matter of indifference whether it was permitted to intervene or not; it is not aggrieved in law by an order made by a court which was without jurisdiction, though it might move to vacate such an order, no doubt, upon showing the lack of jurisdiction.

But there is, we believe, a more complete answer to the appellant's contention, and that is that the Surrogate's Court had no jurisdiction of the corporation, appellant, nor of the subject-matter of the controversy between the appellant and the representative of the estate of F. Augustus Heinze; and the rule is well established that jurisdiction of the subject-matter of a controversy cannot be given by the parties; jurisdiction of the subject-matter, which is the power to act

upon the general and, so to speak, the abstract question, and to determine and adjudge whether the particular facts presented call for the exercise of the abstract power (*Hughes* v. *Cuming*, 165 N. Y. 91, 95), is conferred by law, not by consent. (*Matter of Martin*, 211 N. Y. 328, 330.) "An important point to determine in this case," to use the language of Chief Judge CHURCH in *Roderigas* v. *East River Savings Institution* (76 N. Y. 316, 321), "is, what is the general subject-matter of which the surrogate has jurisdiction? Is it to grant administration upon estates? Clearly not, but only to grant administration upon the estates of deceased persons. There is no authority conferred under any possible circumstances to grant administration when a person is living. But if a person be actually dead then the surrogate is vested with power over the general subject-matter." (*Bolton* v. *Schriever*, 135 N. Y. 65, 70; Code Civ. Proc. § 2510; General Note of Revisers of Surrogates' Code, Laws of 1914, chap. 443.) In the note cited the revisers say: "The jurisdiction of the Surrogates' Court is enlarged, so that a final determination may be made in that court of all matters relating to the affairs of a decedent." (Senate Doc. 1914, vol. 11, No. 23, p. 1.) But nowhere is there any suggestion that the Surrogate's Court is transformed into a court of general jurisdiction in law and equity, and it may still be said, in the language of the court in *Matter of Walker* (136 N. Y. 20, 29), that "we cannot recall any statutory provision which authorizes the surrogate in any proceeding to pass upon the question of title to property as between a claimant and a representative of the testator's estate. Jurisdiction in all such cases seems to have been scrupulously and intentionally withheld. If the executor has reason to believe that any assets belonging to the estate are detained by any person in whose possession they may be, he may make application to the surrogate for an order requiring such person to show cause why he should not deliver the property to the executor; but if, upon the return of the order, the title or the right of possession of the executor to the property is disputed, the surrogate must dismiss the proceeding, and the executor is remitted to his legal remedies in some other forum." Prior to the passage of chapter 595 of the Laws of

1895 (amdg. Code Civ. Proc. § 1822),* a surrogate had no jurisdiction to hear and determine a rejected or disputed claim against an estate of a decedent, and since that act went into effect the courts have insisted that only by a strict compliance with the provisions of law could there be any jurisdiction of the surrogate over a disputed claim. (*Matter of Martin*, 211 N. Y. 328.) And, in the case last above cited, it is said, " A surrogate can exercise only such jurisdiction as has been specially conferred by statute, together with those incidental powers which may be requisite to effectually carry out the jurisdiction actually granted."

Here the controversy is not with the estate of F. Augustus Heinze; no one questions that the property in dispute belonged to his estate. The only question is whether the original administratrix conveyed the same to the Empire Kaolin Company; the controversy does not relate in any manner to the property of the estate — that, in contemplation of law at least, is in the hands of the administrator. The question suggested is whether the property has been sold to the Kaolin Company by one having authority to sell, and whether it has or not is not a matter within the jurisdiction of the surrogate, for it is a controversy subsisting between the living. If the property was lawfully disposed of by the original administratrix to the Empire Kaolin Company, then the surrogate has nothing to do with the question; no order or decree that he could make would have any effect upon the rights of property which the Kaolin Company legally owns, and whether the alleged sale to the Kaolin Company was legal or not can only be determined in an action between the present administrator and the Kaolin Company, with such incidental parties as the court might bring into the action. The surrogate could, of course, compel an accounting on the part of the original administratrix for the property of the estate in her hands, and could compel the turning over of the assets to a substituted administrator; but none of these things would affect the legal rights of the Kaolin Company. The only way its rights could be reached and affected would

* Superseded by Code Civ. Proc. § 2681, added by Laws of 1914, chap. 443, as amd. by Laws of 1915, chap. 644.— [REP.

Third Department, July, 1917. [Vol. 179.

be through some direct proceeding to bring into question the legality of the transfer to it of the property, and this is beyond the jurisdiction of the surrogate. (*Matter of Underhill,* 117 N. Y. 471, 474, 475.)

The Empire Kaolin Company, we assume, is a domestic corporation. It is not a creditor of the estate of Mr. Heinze; it does not come within any of the classes enumerated in section 2730 of the Code of Civil Procedure, known as the Surrogates' Code — it has no interest in the distribution of the funds of the estate — and it could not, therefore, have a right to intervene in any matter before the surrogate in the present proceeding. It was held in *Matter of Thompson* (41 Misc. Rep. 223) that the provisions of former section 2728 of the Code of Civil Procedure, relative to the judicial settlement of an account of an executor or administrator, declaring that " a person interested in the estate, although not cited, is entitled to appear on the hearing, and thus make himself a party to the proceeding," do not apply to descendants and representatives of deceased uncles and aunts of a decedent who left nephews and a niece, as they are not " persons interested in the estate; " and this determination was affirmed by the Appellate Division (87 App. Div. 609). And in *Matter of Underhill (supra)* the court say: " It is to be remembered that it is the executor who is rendering his account, and that all those who are cited as interested in such accounting are cited because of such interest, and to that extent are parties thereto, and are bound by all that is properly decided thereon." It is an interest in the estate of a deceased person; a legal interest which may be adjudicated by the Surrogate's Court which gives the right to intervene. No person who has a mere collateral interest in the event can be permitted to intervene in a proceeding before a Surrogate's Court any more than in an action in the Supreme Court; he must have some legal right which the determination of the Surrogate's Court will affect directly; which will determine in some degree the funds available for distribution to creditors, legatees, heirs and next of kin, or he is without right to intervene. Controversies between the Kaolin Company and the present administrator of the Heinze estate may give rise to actions at law, or in equity, but such questions are still withheld from the Sur-

rogate's Court, and when the Legislature intends to extend its jurisdiction to those subjects it is safe to assume that it will do so in express terms, and not leave it to be inferred from vague and indefinite expressions. (*Matter of Thompson,* 184 N. Y. 36, 45.)

It seems entirely clear to us that the Kaolin Company has entirely failed to show either that it had a right to intervene, or that it could suffer any wrong by reason of the order of the Surrogate's Court confirming the contracts; that the court could not have had jurisdiction of the corporation nor of the subject-matter of the controversy. The comparatively recent decision of the court in *Matter of Watson* (215 N. Y. 209), although entirely clear when carefully considered, has been accepted by some as laying down a new rule of law contrary to the rules recognized and applied in *Matter of Schnabel* (202 N. Y. 134), and others have assumed that under the provisions of section 2510 of the Code of Civil Procedure the Surrogate's Court has been given general equitable powers. It is well, however, in considering the intent of the court, as well as of the Legislature, to keep in mind that if there was any intention of laying down a new rule respecting so important a question as the jurisdiction of the Surrogate's Court "it is safe to assume that it will do so in express terms and not leave it to be inferred from vague and indefinite expressions." (*Matter of Thompson, supra,* 45.) This whole subject was intelligently discussed in *Matter of Kenny* (92 Misc. Rep. 330 *et seq.*), and the conclusion was reached that " persons not interested in the estate or fund, either as persons entitled to a benefit in the estate under the will or as creditors of the decedent, were not to be impleaded in an accounting." The learned surrogate then calls attention to the extravagant claims of jurisdiction under section 2510 of the Code of Civil Procedure, and, after quoting the opening sentence, says: " The jurisdiction for which the executor contends would involve a departure from the traditions of this court so distinct and aggressive that nothing but clear words of grant would justify it." The court then continues: " The powers conferred by this section are guarded by provisions which indicate that the questions which the court may determine must be questions ' between parties to the proceeding,' or ' between any party and any other person

having any claim or interest who voluntarily appears or who is brought in by supplemental citation,' as well as by the further provision that such questions must pertain to matters ' necessarily to be determined ' in order to make a disposition of ' the matter.'    The ' parties to the proceeding ' can only be those who are properly such.    It cannot be suggested that the jurisdiction conferred was intended to embrace anybody whom the petitioner in a proceeding unlawfully impleads.    It is well understood that a party to a judicial proceeding is one whose interest in the subject-matter, whether favorable or adverse, is such that his presence upon the record is either necessary or proper.    This test throws the mind away from the mere fact that a person has been named as a party.    It makes the nature of the case the only standard.    *   *   *   The section, 2510, shows no intention to enlarge the class of persons who may be parties.    Its provisions are amply fulfilled if it be held only to bestow greater powers for the disposition of questions which already normally inhere to a proceeding in which the parties lawfully impleaded therein are only such as are made lawful parties by provisions found elsewhere in the Code.    The section is satisfied if it be held merely that new facilities are afforded for the disposition of old controversies necessarily cognate to the old subject-matter but which were once unavoidably and unfortunately left to a court of larger jurisdiction."    The court then calls attention to the ruling of the Appellate Division upon section 2510 of the Code of Civil Procedure in *Matter of Holzworth* (166 App. Div. 150; affd., without opinion, 215 N. Y. 700) and grants a motion to dismiss the proceeding as to the Brooklyn Savings Bank for lack of jurisdiction of that corporation.    In that case the bank was attempted to be brought in because it was alleged to be " a depository of funds alleged to belong to the decedent," and here the appellant asks to be permitted to intervene because it wants to raise the question of the jurisdiction of the Surrogate's Court, which was about to confirm contracts made by the administrator of an estate, where the appellant claims to be the owner of the property through purchase from a prior administratrix.    If there was no jurisdiction of the controversy — and clearly there could not be — there was no need for this motion; the Surrogate's Court

could have no jurisdiction of the Empire Kaolin Company because it was not interested in the estate of F. Augustus Heinze, and, having no jurisdiction of the subject-matter, whatever the court may have done in respect to the contracts could have no effect upon the rights of the Kaolin Company.

The order appealed from should be affirmed, with costs.

Order unanimously affirmed, with costs.