In the Matter of the Judicial Settlement of the Account of Proceedings of CHARLES LINKINS, as Executor, etc., of ROBERT PLUYM, Deceased.

SAMUEL O. OCHS, Appellant; CHARLES LINKINS, as Executor of ROBERT PLUYM, Deceased, and Others, Respondents.

First Department, March 4, 1921.

Executors and administrators — when release of claims by executor against partnership to testator's partner does not bar such partner's right to assert claim as legatee — Appellate Division — scope of review on appeal from surrogate's decree — failure of appellant to file exceptions — when legatee and judgment creditor of another legatee not proper party on judicial settlement.

A testator, during his lifetime, was a member of a partnership. By his will he provided that his partner should receive fifteen per cent of the value of his share of the partnership property, and that liquidation should take

place within a year and the proceeds should be turned over to the executor. After his death, testator's share of the proceeds of the partnership property was turned over to the executor who gave a release to the partnership for the same. However, the partner refused to give a release to the executor, on the ground that he had already turned over to the executor all that belonged to the estate. On reference the referee found the partner to be entitled to fifteen per cent of the amount turned over, but the surrogate, on motion to confirm the executor's account, found that the partner had not sufficiently proven that his claim should be allowed.

*Held*, that as the partner had refused to release the executor, and in view of other considerations, the adjustment between the partnership and the executor was limited strictly to the testator's interest in the partnership property, without regard to the partner's claim under the will, which should be allowed.

A notice of appeal from the surrogate's decree, sustaining exceptions to the findings of the referee and disallowing the partner's claim, brings up for review the order sustaining the exception to the allowance of the claim, although the appellant, the partner, filed no exceptions to the decree of the surrogate.

A legatee who has assigned his legacy for advances in excess of his distributive share and who is also a judgment creditor of another legatee has no standing in court on a judicial settlement either as legatee or as a judgment creditor of the testator.

APPEAL by Samuel O. Ochs, a legatee under the last will and testament of Robert Pluym, deceased, from that part of a decree of the Surrogate's Court of the county of New York, entered in the office of said surrogate on the 9th day of June, 1920, which modified the report of the referee in disallowing the claim of the legatee to fifteen per cent of $22,500, which had been approved by the referee, and as stated in the notice of appeal said legatee appeals also upon the facts and asks the court to exercise its powers under section 2763 of the Code of Civil Procedure.

*J. Charles Weschler* of counsel [*Weschler & Kohn*, attorneys], for the appellant.

*I. Balch Louis*, for the respondent Victor Pluym.

GREENBAUM, J.:

Samuel O. Ochs, a legatee under the last will and testament of Robert Pluym, deceased, appeals from so much of the decree of the surrogate of the county of New York as modified

the report of Peter B. Olney, Esq., referee appointed by the surrogate to pass upon the accounts of the executor of the estate, in disallowing the claim of said Ochs to fifteen per cent of $22,500, which had been approved by the referee.

The facts are, briefly, these: Samuel O. Ochs, the claimant, was a partner of the deceased Robert Pluym under a partnership agreement dated July 17, 1913, for the sale of automobiles, flying machines and other articles at Petrograd, Russia, under the terms of which each of the partners was to contribute 25,000 rubles. In January, 1915, an agreement was made between the firm of Pluym & Ochs and the firm of Gaston, Williams & Wigmore, under which the latter acquired a one-half interest in the firm of Pluym & Ochs. In May, 1915, Robert Pluym died leaving a last will and testament, the " fourth " paragraph of which reads as follows:

" While in Russia during the summer of 1914, I became seriously ill, and because of the devotion on the part of Samuel O. Ochs, and members of his family, I caused to be drafted and thereafter signed a certain paper writing, certified to by the American Consul at Petrograd, Russia, in which said paper writing I expressed the wish that the Samuel O. Ochs, co-partner with me in the business of T /D Pluym and Ochs, Petrograd, Russia, should have my interest therein in the event of my death. However, it is now my last will and wish that said paper writing, be now null and void and to have no effect whatever, but my last will with regard to my interest in said business of ' T /D Pluym & Ochs ' is that upon my death, the said business shall be liquidated within one year from date of my death, and *the proceeds thereof turned over to my executors* who are directed to give, and I do hereby give and bequeath unto said Samuel O. Ochs, a sum of money equal to fifteen (15%) per cent of the value of my interest in said business, and five (5%) per cent of the total profits accrued up to the date of such liquidation I give and bequeath to my friend William F. Shipley, in recognition of his valued services to me, and the balance of my interest in said business shall form a part of the residuum of my estate, provided, however, that in event of my death the said Samuel O. Ochs shall have the right, if he so desires, to continue the business under the partnership name."

In September, 1917, Charles Linkins, the executor of the last will and testament of Robert Pluym, brought an action against Ochs individually and as surviving partner of Pluym & Ochs and Gaston, Williams & Wigmore for an accounting of the partnership affairs for the purpose of ascertaining the interest of the deceased Pluym in the partnership. In view of the difficulties in getting access to the records in Russia, the parties to the accounting action entered into negotiations for the purpose of agreeing upon the amount of the decedent's interest in the copartnership, as a result of which an adjustment was reached under which Ochs paid to the executor of the estate the sum of $22,500 in settlement of the action. The executor executed a release to Ochs individually and as surviving partner of the firm of Pluym & Ochs, Ltd., as well as to Gaston, Williams & Wigmore. There was no release given to the executor on the part of Ochs and indeed it appears that Ochs refused to give such a release because as he said: " I had given him everything that belonged to Mr. Pluym and I was entitled to what did belong to me."

Subsequently the executor filed his account, to which certain objections were filed and thereafter the surrogate appointed Peter B. Olney, Esq., as referee to hear and determine all questions arising upon the settlement of the account and to report to the court. The referee in due course reported *inter alia* that Samuel O. Ochs was entitled to recover $3,375, being fifteen per cent of $22,500, the amount received in settlement of the partnership accounting action. One Victor Pluym, a legatee, thereupon filed exceptions to the report in respect of this allowance. The learned surrogate after a hearing upon the motion to confirm the report of the referee held that " the claim of Samuel O. Ochs to 15% of the moneys of this estate does not appear to have been sufficiently established and should not be allowed. The exceptions taken to the findings of the referee with respect to this claim are sustained."

It is from that part of the decree entered upon this decision disallowing the claim of Samuel O. Ochs that this appeal is taken. In this connection it may be noted that the executor moved for the confirmation of the referee's report, thus recognizing the propriety of allowing the plaintiff's claim.

At the outset respondent attacks the standing of the appel-

lant in this court, upon the ground that having filed no exceptions to the decree of the surrogate there is nothing to review. There is no merit in that contention. The referee made his findings of fact and conclusions of law under which the claim of the appellant was allowed. To these findings the respondent filed exceptions and the surrogate on the motion for confirmation of the referee's report sustained the exceptions. The notice of appeal is from the surrogate's decree, which brings up for review the order sustaining the exceptions to the report of the referee. (*Burger* v. *Burger*, 111 N. Y. 523.)

On the other hand, the appellant Ochs urges that the respondent Victor Pluym, who alone filed exceptions to the report, has no standing before this court. It appears that respondent was a legatee under the last will and testament of Robert Pluym, but that he assigned his legacy to the McClintock-Trunkey Company on February 25, 1918, for advances made to him amounting to $2,579.25, which is a sum greater than the distributive share allowed him as legatee. He is, however, a judgment creditor of one Gustave Pluym, another legatee under the Pluym will, whose interest in the estate was levied upon in proceedings taken under the judgment recovered against him by respondent.

In *Duncan* v. *Guest* (5 Redf. 440) the surrogate held: " I think it quite clear that the creditors of a distributee are not proper parties before me on an accounting. Only creditors of the decedent or those claiming to be such, can appear or be heard."

It would seem to follow that Victor Pluym has no standing before the court either as legatee or as a judgment creditor of Gustave Pluym. However, regardless of the apparent well-founded objections to respondent's presence in this matter it seems to us desirable to pass upon the merits of the claim before us.

The learned referee in the executor's accounting proceedings reports as follows: " Prior to the settlement of this suit a memorandum of account was produced and made use of in arriving at a basis of settlement. The evidence shows that it was difficult to arrive at the exact state of the accounts because it was impossible to obtain data from Russia bearing on the

First Department, March, 1921.      [Vol. 195.

said accounts. I find, therefore, that the sum of $22,500 thus paid over was on account of the value of Pluym's interest in the business of Pluym & Ochs. While there is presumption that where there are mutual claims and a settlement is arrived at that the mutual claims are all embraced, this is only a presumption and may be overcome by proof to the contrary. Here Ochs obtained a release of all claims of the Pluym estate against him. Ochs was asked for a release of his claim against the executor and refused to sign it because, as he testified, ' I had given him everything that belonged to Mr. Pluym and I was entitled to what did 'belong to me.' ''

There is no contradiction of the facts as found by the referee and the executor acquiesced in the referee's conclusions in moving to confirm his report. It seems to us to be absolutely clear upon the facts that the result of the partnership accounting action was an adjustment as between those interested in the partnership business and the estate, strictly limited to the amount of the interest of the decedent in the partnership business, without regard to appellant's claim under the will. It is also to be remembered that the claimant was not the only one interested in the partnership accounting, but that Gaston, Williams & Wigmore, who owned one-half interest in the partnership, were concerned therein.

Ochs never released the estate from his claim as legatee and hence it follows that the claimant as legatee became entitled to his legacy based upon fifteen per cent of the settlement of $22,500.

The decree of the surrogate is modified by allowing the payment to the appellant of his legacy in the sum of $3,375, being fifteen per cent of $22,500, the value of the decedent's interest in the firm of Pluym & Ochs, and as thus modified the decree is affirmed, with costs and disbursements to be taxed against respondent.

CLARKE, P. J., LAUGHLIN, DOWLING and MERRELL, JJ., concur.

Decree modified as directed in opinion, and as so modified affirmed, with costs to be taxed against respondent. Settle order on notice.