20

In the Matter of the Estate of Leopold Edelmuth, Deceased. Stern Brothers, Appellant; Sidney F. Katz, as Executor and Trustee of Leopold Edelmuth, Deceased, Respondent.

First Department, October 30, 1942.

*Bernard I. Kamen* and *Sol S. Ostertag* for appellant.

*Alexander S. Levine, S. F. Katz* and *J. F. Katz* for respondent.

*Per Curiam.* Petitioner, judgment creditor of a legatee of the estate of Leopold Edelmuth, deceased, has a garnishee execution under section 684 of the Civil Practice Act against the income due and to become due to one Bella Greenbaum, life beneficiary of a trust fund established under the will. The garnishee execution was served upon the executor and trustee on April 25, 1937, but no payment has been made.

We think the learned Surrogate properly denied petitioner's demand for a compulsory accounting in the estate. As defined by subdivision 10 of section 314 of the Surrogate's Court Act, petitioner is neither an assignee nor a person otherwise interested in the estate but has a remedy by action against the

executor and trustee under subdivision 3 of section 684 of the Civil Practice Act. Indeed it has been held that the sole remedy for failure to comply with the execution is the action authorized by the statute to recover the amount which should have been paid to apply on the execution. (See *Keve* v. *Columbia Kid Hair Curlers Mfg. Co.*, 161 App. Div. 918.) By such action petitioner may protect its rights without burdening the estate with the expense of an accounting. The statute expressly confines the right to demand an accounting to the defined "persons interested" to prevent unnecessary and unjustifiable expense to estates in the Surrogate's Court. (*Matter of Arkenburgh*, 38 App. Div. 473, 475.)

The order appealed from should be affirmed, with twenty dollars costs and disbursements.

UNTERMYER, J. (dissenting). The petitioner is a judgment creditor in whose favor a garnishee execution has been issued against the income of a trust established by the last will and testament of Leopold Edelmuth, deceased. The surrogate denied the petitioner's application to compel the respondent Katz, the sole executor and trustee of the estate, to account upon the ground that it had no interest sufficient to maintain the proceeding.

Leopold Edelmuth died on November 20, 1934. By his will Bella Greenbaum, his sister, during her life receives the income of a trust, the principal of which amounts to about $50,000. The trust fund was duly established but there has been no accounting since November, 1935. On April 7, 1937, the petitioner recovered a judgment for upwards of $600 against Bella Greenbaum and, no part of the judgment having been paid, it secured a garnishee execution pursuant to section 684 of the Civil Practice Act against the income due or to become due on the trust fund. Although a copy of the order was served on the executor and trustee, no payments have been made to the petitioner.

If the petitioner were merely a judgment creditor of Bella Greenbaum it is very evident that it could not maintain this proceeding under the provisions of section 259 of the Surrogate's Court Act, which, so far as material, limit the right to petition for an accounting against an executor or administrator to a "creditor or person interested in the estate or fund" and against a testamentary trustee to "any person beneficially interested in the execution of any of the trusts". The garnishee execution, however, and the express provisions of section 684 of the Civil Practice Act, by operation of law, have created a

lien in favor of the petitioner upon income which otherwise would have been payable to the beneficiary of the trust. By reason of that lien the petitioner is both a "person interested in the estate or fund" and "in the execution * * * of the trusts", since the petitioner is now entitled to receive *from the trustee* a share of the income which otherwise would be payable to the beneficiary. It is in the same position, so far as concerns the right to an accounting, as an assignee of the income of the trust under an assignment from Bella Greenbaum. As such it would be entitled to an accounting by subdivision 10 of section 314 of the Surrogate's Court Act, which provides that "The expression, 'persons interested' where it is used in connection with an estate or fund, includes every person entitled, either absolutely or contingently, to share in the estate or the proceeds thereof, or in the fund, as husband, wife, legatee, next of kin, heir, devisee, assignee, grantee or otherwise except as a creditor. * * *."

The order should be reversed and the application granted.

MARTIN, P. J., TOWNLEY, GLENNON and DORE, JJ., concur in *Per Curiam* opinion; UNTERMYER, J., dissents in opinion.

Order affirmed.