Joseph A. Cox, S.
In this proceeding for leave to compromise a cause of action for wrongful death, to remove restrictions from the limited letters and to settle the account of the administratrix, the reasonable compensation of the attorney for petitioner is fixed and allowed in the amount requested, in accordance with the Appellate Division Eules, and disbursements are allowed as requested.
The Department of Welfare asserts a lien for payments made to decedent but the funds recovered from a wrongful death action are not general assets of the estate and are not subject to the claims of creditors except to the limited extent provided by section 133 of the Decedent Estate Law. This claim may not be satisfied by the administratrix from the funds accounted for in this proceeding (Baldwin v. Powell, 294 N. Y. 130, 134; Stuber v. McEntee, 142 N. Y. 200; Matter of Schwabacher v. International Salt Co., 272 App. Div. 173).
The Department of Welfare also asserts a claim for payments made to a distributee of the decedent but, as a creditor of a distributee, the claimant has no status in this proceeding (Matter of Riegel, 165 Misc. 265; Matter of Witt, 141 N. Y. S. 179; Matter of Stevenson, 147 N. Y. S. 2d 477; Matter of Edelmuth, 265 App. Div. 20, affd. 290 N. Y. 570).
The claims of the Department of Welfare are disallowed.
The State Insurance Fund claims the entire net recovery herein for payments made to decedent’s dependents pending the outcome of a third-party action. Under subdivision 1 of section 29 of the Workmen’s Compensation Law, this claimant has a lien which exceeds the net recovery herein, after payment of attorney’s fees and expenses, and therefore the net recovery is payable to the State Insurance Fund.