Jacob J. Schwartzwald, J.
The issue is whether the lien of the Department of Social Services, City of New York, against *373 plaintiff’s right of action, suit or claim for damages for malpractice resulting in personal injuries and death is invalid.
Subdivision 1 of section 189 of the Lien Law gives a hospital (supported in whole or part by charity) a lien upon all rights-, suits or claims of any person admitted to the hospital on account of personal injuries received by him — within one week before admission to the hospital — as the result of the negligence or other tort of any other person for the amount of the reasonable charges of the hospital for care and maintenance.
Plaintiff argues that decedent having first been admitted to the hospital more than one week after the alleged occurrence (malpractice), it can have no valid lien under section 189, and if it can have no valid lien, neither can the Department of Social Services.
The Department of Social Services (Department) argues that the decedent received public assistance when incurring a debt for hospital care and treatment. Section 189, it says, permits the hospital to file a lien for its services. This lien is statutory and for the hospital’s benefit; the Department makes no claim under section 189.
Instead, it cites section 104-b of the Social Services Law permitting the Department to file a lien for its assistance against any claim, suit or cause of action that a recipient may have for his injuries. This section 104-b lien, it says, is limited to the assistance and care given to the recipient on and after the date the injuries were incurred.
A section 189 lien (Lien Law) is distinguishable, from and not to be confused with a section 104-b lien (Social Services Law). Section 189 is intended to give hospitals a lien against the right of actions, suits and claims of an injured person resulting from the negligence or other tort of any pther person for the reasonable charge of the care and treatment. It is only available to charitable corporations, counties, cities, towns or villages maintaining a hospital and is limited to cases where the injuries were received within a period of one week before treatment at or admission to the hospital. It is also limited to reasonable hospital charges and cost rates (Ferguson v. Ruppert, 166 Misc. 530).
Section 104-b is for the benefit of public welfare agencies providing assistance to a recipient who has a right of action, suit or claim on account of personal injuries suffered by him for the amount fixed by the public welfare official, not exceeding, however, the total amount of assistance and care furnished by the *374 agency on and after the date when the injuries were incurred. To assert the lien it is not necessary, as required by section 189, that the injuries must have been incurred within one week from date of treatment or admission to the hospital, nor is it limited to reasonable hospital charges or cost rates. It is in the nature of reimbursement to public welfare limited only to the extent of the amount of assistance and care furnished on and after the date when the injuries were incurred as distinguished from the section 189 hospital lien for care and treatment.
It does not follow, as urged by plaintiff, that a fortiori, if the hospital can have no lien, neither can 'public welfare. The section 189 lien is for hospital care and treatment; the section 104-b lien is for public assistance. Section 189 is for the benefit of the hospital; section 104-b for the benefit of public welfare. We regard the section 189 lien as one to secure payment of hospital treatment, care and maintenance and the section 104-b lien as one to secure payment of public assistance and care. That the public assistance and care may have been for hospital treatment and care to the recipient does not change the nature of the section 104-b lien.
Plaintiff’s motion to vacate and set aside lien of Department of Sbcial Services, City of New York, is denied.