In the Matter of the Estate of MARY LAINEZ, Deceased. JEANNETTE GAHRMAN, as Administratrix of the Estate of MARY LAINEZ, Deceased, et al., Appellants; DEPARTMENT OF SOCIAL SERVICES OF THE CITY OF NEW YORK, Respondent.

Second Department, February 17, 1981

### APPEARANCES OF COUNSEL

*J. Bruce Byrne,* for Jeannette Gahrman, as administratrix, appellant.

*Duer & Taylor (Frank C. McLaughlin, Jr.,* of counsel), for United States Fidelity & Guaranty Company, appellant.

*Allen G. Schwartz, Corporation Counsel (Edward F. X. Hart* and *Ronald E. Sternberg* of counsel), for respondent.

### OPINION OF THE COURT

LAZER, J.

The decedent, a 17-year-old woman, was killed by her husband who then committed suicide, thus leaving her parents as her only survivors. Since the decedent's father

subsequently was disqualified as a distributee by a Special Referee pursuant to EPTL 4-1.4 for having abandoned and refused to support the decedent as an infant, her mother, Jeannette Gahrman, became the sole remaining distributee and was appointed administratrix. The proceeds of a life insurance policy constituted the only asset of the estate.

The account filed by the administratrix, which showed a net estate of $39,000, included Schedule D which demonstrated that no claim of creditors, contingent or otherwise, had been presented. Seeking the recovery of $41,666.92 which had been paid to Mrs. Gahrman and her children during the period of 1967-1977, the Department of Social Services of New York City (Social Services) then moved to intervene in the accounting proceeding "as a creditor of the distributee JEANNETTE GAHRMAN". Social Services contended that pursuant to the provisions of sections 101, 103 and 104 of the Social Services Law, it was a creditor of Mrs. Gahrman and therefore entitled to obtain reimbursement from her as distributee. The acting Surrogate responded by granting Social Services leave to intervene as "a possible creditor" of the distributee.

After a verified bill of objections to the administratrix' account had been filed by Social Services, she and the surety on the administration bond, United States Fidelity and Guaranty Company (the surety), moved for summary judgment dismissing the Social Services claim on the ground that the Surrogate's Court lacked subject matter jurisdiction to hear the claim because it was made by one living person (the corporate City of New York) against another living person. Social Services replied that under SCPA 201 and 210 the Surrogate's Court has jurisdiction to hear "all matters relating to the affairs of decedents," including proceedings for the recovery of funds previously paid to public assistance recipients. The Surrogate denied the motion to dismiss (102 Misc 2d 138) and the administratrix and the surety appealed. We believe that reversal is mandated.

Although Social Services is a "preferred creditor" of Jeannette Gahrman under subdivision 1 of section 104 of

the Social Services Law, in the circumstances of this case it has no parallel right of action against the decedent or her estate (see Social Services Law, § 104, subd 2). Since the decedent was an infant when she died and had no property or funds in excess of her reasonable requirements at the time she was receiving assistance, no claim for recovery of that assistance could be asserted against her or her estate by Social Services (see *Baker v Sterling*, 39 NY2d 397; *Matter of Colon*, 83 Misc 2d 344). Therefore, the claim was interposed solely against decedent's mother in her individual capacity and the narrow question before us is whether the Surrogate's Court has the power to adjudicate such a claim. We conclude that it does not.

The Surrogate's Court is a court of limited jurisdiction and possesses only such powers as are conferred upon it by statute *(Matter of Hyams*, 237 NY 211; *People ex rel. Safford v Surrogate's Ct. of County of Genesee*, 229 NY 495; *Matter of Martin*, 211 NY 328; *Matter of Thompson*, 184 NY 36; *Matter of D.D.*, 64 AD2d 898). The essence of the objections and claim asserted is that Jeannette Gahrman, a distributee, owes money to the objector. But the power of the Surrogate's Court relates to matters affecting estates of decedents and not to independent matters involving controversies between living persons *(Matter of Simonson*, 271 App Div 420; *Matter of Heinze*, 179 App Div 453; see *Schoelles v Zausmer*, 2 AD2d 979). The only proper parties before the Surrogate on an accounting are creditors or those claiming to be creditors of the decedent *(Matter of Pluym*, 195 App Div 565). Here, by the terms of their own motion and the Surrogate's order, Social Services claims only to be a creditor of the sole distributee. It is well settled that the Surrogate's Court has no jurisdiction over a claim by a creditor against a distributee or legatee of an estate *(Matter of Thompson, supra; Matter of Edelmuth*, 265 App Div 20, affd 290 NY 570; *Matter of Pluym, supra; Matter of Heinze, supra; Matter of Maynard*, 37 Misc 2d 184; *Matter of Goldowitz*, 171 Misc 198, revd on other grounds 258 App Div 62, app dsmd 283 NY 680; *Matter of Witt*, 141 NYS 179; see, generally, 1 Warren's Heaton, Surrogates' Courts [6th ed], § 35) absent a showing that the distributee assigned his share to the

creditor *(Matter of Young,* 15 App Div 285, affd 160 NY 705; *Matter of Simonson,* 271 App Div 420, *supra; Josephberg v Cavallero,* 262 App Div 1). There is no suggestion of an assignment in this case and therefore the Surrogate lacked the power to entertain Social Services' claim.

In an attempt to circumvent these established legal principles, Social Services argues that since equity regards as done "that which in fairness and good conscience should have been done or ought to be done" (20 NY Jur, Equity, § 85, p 109), it should be considered an assignee of the distributee's rights. However, when the Legislature intends to so expand the jurisdiction of the Surrogate's Court, "it is safe to assume that it will do so in express terms and not leave it to be inferred from vague and indefinite expressions" *(Matter of Thompson,* 184 NY 36, 45, *supra; Matter of Heinze,* 179 App Div 453, *supra).*

Accordingly, the order denying the motion to dismiss the objections is reversed, on the law, the motion is granted and the order granting the Department of Social Services leave to intervene is vacated.

HOPKINS, J. P., COHALAN and WEINSTEIN, JJ., concur.

Order of the Surrogate's Court, Queens County, dated February 20, 1980, reversed, on the law, without costs or disbursements, motion to dismiss objections granted and order granting the Department of Social Services of New York City leave to intervene, dated February 16, 1978, is vacated.