OPINION OF THE COURT
John G. Connor, J.
Plaintiff moves for partial summary judgment relating to a lien claimed by the Ulster County Department of Social Services in the amount of $113,423.63 for medical assistance provided to Marie Peter. The Ulster County Department of *912 Social Services (hereinafter DSS) cross-moves for an order granting it summary judgment with respect to its claimed lien.
The underlying action from which the lien allegedly arose was a claim for medical malpractice. The trial of the case was bifurcated with respect to the issues of liability and damages. A jury verdict found comparative negligence and assessed 55% of the fault to defendant Yu and 45% of the fault to the now deceased plaintiff, Marie Peter. The judgment entered in this action ordered a subsequent trial on the issue of damages, "including Marie Peter’s conscious pain and suffering, her medical expenses, pecuniary loss, loss of services of Carl Peter and damages arising from the wrongful death of Marie Peter.” Thereafter, the issue of damages was settled prior to trial for the sum of $650,000. Plaintiff and DSS agreed to deposit the sum of $113,423.63 in escrow pending a determination or settlement of the DSS lien amount.
Plaintiff contends that DSS can only recoup 55% of its lien since the jury found Marie Peter to be 45% liable, and the DSS lien only extends to that portion of the damages as was attributable to the defendant’s negligence. Plaintiff further argues that the DSS lien only extends to treatment paid for by DSS which was related to the defendant’s negligence and not to treatment that would have been required notwithstanding defendant’s negligence. DSS asserts that its lien is valid, attaches to the entire $650,000 and should, therefore, be paid from the funds currently being held in escrow.
There is no dispute that the full amount of the lien sought by DSS is for medical expenses paid on behalf of Marie Peter. Medical malpractice awards are not exempt from DSS liens. (See, Social Services Law § 104-b; see also, Iuliucci v Mascola, 73 Misc 2d 372 [1973]; Rahl v Hayes 73 Corp., 99 AD2d 529 [2d Dept 1984], lv denied 63 NY2d 609 [1984].) Although DSS cannot recover for assistance paid to anyone except the injured party, the cost of all medical assistance provided may be recovered regardless of whether the expenses were related to treatment of conditions stemming from the negligent act of the defendant. (See, Moon v Owen, 131 Misc 2d 740 [1986]; Borsman v Mannix, 46 AD2d 885 [2d Dept 1974].) The court finds that the $650,000 settlement represents that portion of the damages attributable to the defendant’s negligence. It is not relevant whether the treatment for which DSS paid was attributable to defendant’s negligence, nor is it relevant whether comparative negligence was found. The plaintiff’s motion for partial summary judgment is, therefore, denied.
*913 The lien of DSS is to be considered as any other creditor of Marie Peter. The DSS lien can only be paid out of estate funds which belong to the statutory distributees of Marie Peter. (See, Matter of Maynard, 37 Misc 2d 184 [1962]; see also, Matter of Jackson, 71 Misc 2d 133 [1972].) The court finds that the portion of the plaintiffs damages arising from the wrongful death of Marie Peter or relating to Carl Peter’s claim for loss of services are not the property of the estate of Marie Peter and are not, therefore, subject to the lien of DSS pursuant to Social Services Law § 104-b. (See, Matter of Maynard, supra.) A triable issue of fact exists as to the allocation of damages between the decedent plaintiff’s personal injury action and plaintiff Carl Peter’s other causes of action. Consequently, the cross motion of DSS must also be denied; the court directs that the sum of $113,423.63 shall remain in escrow pending a hearing on the issue of what portion of plaintiff’s damages is attributable to the personal injury claim of Marie Peter, and what portion is attributable to the wrongful death and loss of services claims of Carl Peter.
By reason of the foregoing, the motion and cross motion are both denied.