*481 OPINION OF THE COURT
Lee L. Holzman, J.
In this proceeding to compromise a wrongful death action and to discontinue a personal injury action emanating from an automobile accident, the administratrix relies upon Arkansas Dept. of Health and Human Servs. v Ahlborn (547 US —, 126 S Ct 1752 [2006]) in support of her summary judgment motion seeking to dismiss the objections of the Department of Social Services of the City of New York (DSS). DSS alleges that it is entitled to recover the Medicaid assistance it paid on behalf of the decedent from the portion of the settlement that should be allocated to the personal injury action. This appears to be a case of first impression with respect to whether the Ahlbom (supra) limitations on DSS’s recovery rights against a Medicaid recipient’s tort action also applies to DSS’s claim against the estate of a Medicaid recipient pursuant to Social Services Law § 369 (2) (b) (i) (B).
The decedent sustained injuries on June 30, 2005 as a passenger in an automobile accident and died intestate on July 4, 2005 at the age of 87. The proposed $50,000 settlement constitutes the limits of the defendant’s insurance coverage. The decedent’s distributees, three children, consent to the relief requested. Although all of the medical expenses associated with the accident were paid by the defendant’s no-fault insurance carrier, the decedent received Medicaid assistance of $109,269.69 for other medical care for the period from July 5, 1995 through July 3, 2005.
The administratrix contends that where, as here, a Medicaid recipient’s tort action settlement does not include any recovery for medical expenses paid by Medicaid assistance, Ahlbom (supra) holds that DSS’s Medicaid assistance claim is barred by the antilien provision of the federal Medicaid law (42 USC § 1396p [a] [1]). DSS asserts that this case is distinguishable from Ahlbom because its claim is not based upon the decedent’s assignment of her right to payment from a third party for medical care that was provided by Medicaid. Instead, DSS asserts that where, as here, the Medicaid assistance was furnished to the decedent after she attained the age of 55, it is required to seek recovery from her estate for the Medicaid assistance it provided (Social Services Law § 369 [2] [b] [i] [B], New York’s counterpart to 42 USC § 1396p [b] [1] [B]).
In Ahlbom (supra), the state agency provided Medicaid assistance of $215,645.30 for medical care arising from the injuries sustained by the Medicaid recipient in an automobile accident. *482 The Medicaid recipient, without the prior knowledge of the state agency, settled the tort action arising out of the accident for $550,000. Although the terms of the settlement did not contain an allocation of damages between medical costs and other damages, such as lost or impaired earnings and pain and suffering, the state agency and the Medicaid recipient stipulated that $35,581.47, one sixth of the net settlement proceeds, should be allocated to past medical expenses. The state agency contended that it was entitled to a lien on the settlement in an amount equal to all of the Medicaid assistance provided, while the Medicaid recipient contended that the state agency’s lien was limited to the stipulated portion of the settlement that was allocated to past medical expenses.
In Ahlborn (supra), the Court began its analysis by noting that, as a general rule, states have no right to recover from a Medicaid recipient for Medicaid assistance that was correctly paid. Specifically, under the federal Medicaid law, states are prohibited from imposing liens “against the property of any individual prior to his death on account of medical assistance paid ... on his behalf under the State plan” (42 USC § 1396p [a] [1]). Thus, the Court reasoned that the state agency could not prevail unless its claim was encompassed by one of the exceptions to the antilien provision of section 1396p (a), as set forth in section 1396p (b), or by an exception arising by implication from the provisions of 42 USC § 1396k (a) (1). As none of the section 1396p (b) exceptions to the antilien provision of section 1396p (a) applied, the state agency could only base its right to a lien on section 1396k (a) (1) (A), which requires the Medicaid recipient, as a condition of eligibility, to assign to the state agency “any rights ... to payment for medical care from any third party.” The Supreme Court ruled in favor of the Medicaid recipient, holding that because the section 1396k (a) (1) (A) assignment covers only “payment for medical care,” the provision had to be construed to limit the state agency’s lien to the portion of the settlement proceeds that were allocated to past “medical care.” Consequently, the state agency had no lien on the portion of the settlement allocated to pain and suffering, loss of earnings, or other damages that did not arise from the medical care that Medicaid assistance paid on behalf of the plaintiff.
Here, had DSS based its claim on the decedent’s assignment to it of her right to recover from the tortfeasor for medical costs incurred as a result of the accident (Social Services Law § 366 *483 [4] [h] [1]; see also § 104-b), Ahlborn (supra) would be controlling. However, in this case, instead of relying upon an assignment of a right against the tortfeasor, DSS is basing its right to recover on Social Services Law § 369 (2) (b) (i) (B) (New York’s counterpart to 42 USC § 1396p [b] [1] [B]), which provides, in pertinent part, that DSS may recover for medical assistance it paid “from the estate of an individual who was fifty-five years of age or older when he or she received such assistance” (emphasis added).
Social Services Law § 369 (2) (b) (i) (B), rather than violating the federal Medicaid law, complies with the mandate in section 1396p (b) (1) (B) that “the State shall seek . . . recovery” of medical assistance correctly paid from the estate “of an individual who was 55 years of age or older when the individual received such medical assistance” (emphasis added). Thus, DSS would be required to assert its claim against the decedent’s estate under Social Services Law § 369 (2) (b) (i) (B), regardless of whether the estate’s assets arose from a personal injury recovery, a lottery, or other source.
DSS concedes that, in its status as a creditor, its claim may be paid only from the portion of the settlement that is allocated to the personal injury action. This is so because
“a wrongful death action is brought not on behalf of decedent’s estate, but rather on behalf of the decedent’s distributees (EPTL 5-4.1), and the damages recovered are not in compensation for the injury sustained by the decedent, but rather for the (pecuniary) injuries suffered by the distributees as a result of the decedent’s death (EPTL 5-4.3)” (George v Mt. Sinai Hosp., 47 NY2d 170, 176 [1979]; see also Peter v Shao Chi Yu, 173 Misc 2d 911, 913 [1997]).
The proper allocation of the settlement between the wrongful death and personal injury causes of action depends upon factual determinations that cannot be made on the papers submitted.
Accordingly, this decision constitutes the order of the court denying the administratrix’s motion for summary judgment..