[911 NYS2d 534]

In the Matter of the Estate of OSCAR L. HEARD, Deceased. MARY BROWN, Appellant; MONROE COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent, and JEFFREY H. MARKS, Guardian Ad Litem for DOYLE HEARD, Respondent.

Fourth Department, November 12, 2010

APPEARANCES OF COUNSEL

*Boylan, Brown, Code, Vigdor & Wilson, LLP*, Rochester (*Sanford R. Shapiro* of counsel), for appellant.

*William K. Taylor, County Attorney*, Rochester (*Richard A. Marchese, Jr.*, of counsel), for respondent.

*Traynor, Skehan and Marks*, Rochester (*Jeffrey H. Marks* of counsel), for respondent-respondent.

### OPINION OF THE COURT

SCONIERS, J.

This appeal concerns the issue whether respondent Monroe County Department of Social Services (DSS) is entitled to recover Medicaid payments from the estate of a decedent where the source of the estate funds is a tort settlement paid for injuries sustained by the decedent when he fell in the nursing home where he resided. The objectant herein, who is also the administrator and a distributee of the decedent's estate, appeals from an order directing that recovery by DSS against the estate for Medicaid payments made on behalf of decedent was not limited solely to the cost of his medical care resulting from the injuries sustained by him when he fell in the nursing home, allegedly as a result of the nursing home's negligence, for which he received the settlement proceeds (*Matter of Heard*, 25 Misc 3d 1233[A], 2009 NY Slip Op 52401[U] [2009]).

It is undisputed that Surrogate's Court had allocated the entire amount of the settlement to decedent's pain and suffering, and that DSS asserted a claim against the proceeds of the settlement for the Medicaid payments it made on behalf of decedent from 1995 until his death in 2003. Relying on *Arkansas Dept. of Health & Human Servs. v Ahlborn* (547 US 268 [2006]), the objectant contended that DSS could recoup only that part of the settlement that was paid for medical services provided to treat decedent for the injuries related to his fall in the nursing home. DSS responded that it was not asserting a lien akin to the one at issue in *Ahlborn*. Instead, DSS contended that its right to seek recoupment of Medicaid payments in addition to those made for the injuries sustained by decedent when he fell in the nursing home was based on section 369 (2) (b) (i) (B) of the Social Services Law, which allowed it to recoup costs expended for medical assistance of an individual who was at

least 55 years old when he or she received such assistance. As previously noted, the Surrogate agreed with DSS and ordered the estate to pay DSS's claim (*Matter of Heard*, 2009 NY Slip Op 52401[U], *3). We conclude that the order should be affirmed.

In *Ahlborn*, a Medicaid recipient obtained a tort settlement after Medicaid had made payments on her behalf arising from injuries she sustained in a motor vehicle accident (547 US at 272). The settlement did not specify any allocation for categories of damages, but petitioner Arkansas Department of Health and Human Services (state agency) nevertheless contended that it was entitled to a lien on the settlement in an amount equal to all of the Medicaid assistance it had provided to the recipient (*id.* at 274). The Medicaid recipient, on the other hand, contended that the state agency's lien "violated federal law insofar as its satisfaction would require depletion of compensation for her injuries other than past medical expenses" (*id.* at 269). In interpreting the anti-lien provisions, the United States Supreme Court noted that 42 USC § 1396p (a) (1) states in relevant part that "[n]o lien may be imposed against the property of any individual *prior to his [or her] death* on account of medical assistance paid . . . on his [or her] behalf" (*id.* at 283 [emphasis added]). The Court went on to state that 42 USC § 1396k (a) (1) (A) provided an exception to that anti-lien provision by requiring a Medicaid recipient, as a condition of eligibility, to assign to the state agency "any payments that may constitute reimbursement for medical costs" (*id.* at 284). Thus, by virtue of 42 USC § 1396k (a) (1) (A), the state agency was entitled to recover only that portion of the settlement that represented payments for past medical care for injuries causally related to the underlying accident (*id.* at 284-285), and the state agency stipulated that only a specified portion of the settlement proceeds was properly designated as payment for medical costs (*id.* at 288). Consequently, the state agency in *Ahlborn* had no lien on the portion of the settlement that represented pain and suffering or other damages unrelated to the medical care for injuries that were directly paid by Medicaid (*id.* at 284-285).

We conclude that the objectant's reliance on *Ahlborn* is misplaced. As noted, in *Ahlborn*, the state agency was seeking to recover a lien from a living person and thus its rights were governed by 42 USC § 1396p (a), the New York State counterpart of which is Social Services Law § 104-b. Here, however, DSS is seeking to recover under Social Services Law § 369 (2)

(b) (i) (B), not section 104-b, inasmuch as it seeks to recover from decedent's estate rather than from a living person. The federal counterpart to Social Services Law § 369 (2) (b) (i) (B) is 42 USC § 1396p (b) (1) (B) (i), which likewise provides that, "[i]n the case of an individual who was 55 years of age or older when the individual received such medical assistance, the State shall seek adjustment or recovery from the individual's estate, but only for medical assistance consisting of [, inter alia,] nursing facility services . . . ." Social Services Law § 369 (2) (b) (i) in turn provides that,

> "[n]otwithstanding any inconsistent provision of this chapter or other law, no adjustment or recovery may be made against the property of any individual on account of any medical assistance correctly paid to or on behalf of an individual under this title, except that recoveries must be pursued . . .
>
> "(B) from the estate of an individual who was fifty-five years of age or older when he or she received such assistance."

There is no limiting language with respect to estate funds that were not earmarked for medical expenses only. Moreover, in *Ahlborn*, the Court stated that it was not considering the anti-recovery provisions codified in 42 USC § 1396p (b) which, as noted, is the federal counterpart to the Social Services Law section at issue here, and thus *Ahlborn* is not controlling in this case.

In sum, decedent was at least 55 years old when he received assistance from DSS, and we conclude that both the relevant federal and state statutes mandate that DSS be permitted to recover from the estate of decedent the expenses it paid for his nursing home care. Those expenses include benefits unrelated to the injuries that were the subject of the settlement received based on his fall in the nursing home, inasmuch as the expenses undisputedly paid for decedent's nursing home care. Accordingly, we conclude that the order should be affirmed.

SMITH, J.P., FAHEY, PINE and GORSKI, JJ., concur.

It is hereby ordered that the order so appealed from is unanimously affirmed, without costs.