McCoy v Lvovsky (2025 NY Slip Op 03866)

McCoy v Lvovsky

2025 NY Slip Op 03866

Decided on June 26, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 26, 2025

Before: Kern, J.P., Kennedy, González, Shulman, Rodriguez, JJ. 

Index No. 309605/11|Appeal No. 4642|Case No. 2023-04355|

[*1]Brian McCoy etc., Plaintiff-Respondent,
v
Dmitry Lvovsky, M.D., et al., Defendants-Respondents, New York City Department of Social Services, Nonparty-Appellant.

Muriel Goode-Trufant, Corporation Counsel, New York (Rebecca L. Visgaitis of counsel), for appellant.
Burdo, Rubin & Sachs, Melville (Steven Sachs of counsel), for Brian McCoy, respondent.
Turken, Heath & McCauley, LLP, Armonk (Jason D. Turken of counsel), for Dmitry Lvovsky, M.D., The Bronx Lebanon Hospital Center, Gregory Emili, M.D., and Montefiore Medical Center, respondents.

Order, Supreme Court, Bronx County (Doris M. Gonzalez, J.), entered July 13, 2023, which granted the motion of defendants Dr. Dmitry Lvovsky and Bronx-Lebanon Hospital Center to require nonparty New York City Department of Social Services (DSS) to negotiate a compromise of its claim asserted against the estate of plaintiff's decedent to recover Medicaid benefits, and, upon granting the motion, limited DSS's recovery, under either Social Security Law § 104-b or § 369, to benefits paid for the decedent's care related to the personal injuries alleged in this action, unanimously reversed, on the law, without costs, and the motion denied.
Plaintiff's decedent received Medicaid benefits from at least 1997 until her death on June 16, 2010. Plaintiff, her son and the administrator of her estate, commenced this action on October 28, 2011, asserting both personal injury and wrongful death causes of action. On February 7, 2012, DSS filed a claim in Surrogate's Court seeking to recover 10 years' worth of Medicaid assistance paid on the decedent's behalf. Plaintiff and defendants subsequently settled this personal injury action but were prevented from exchanging closing papers because of the "lien issues" facing decedent's estate.
Defendants' motion followed, which sought to direct DSS to negotiate a compromise of its claim against the estate. Supreme Court should not have granted the motion and limited the amount recoverable by DSS. "[B]oth the relevant federal and state statutes mandate that DSS be permitted to recover from the estate of decedent the expenses it paid for . . . nursing home care," as well as hospital care and related expenses, which "include benefits unrelated to the injuries that were the subject of the settlement received based on" the personal injury claims in this action (Matter of Heard, 79 AD3d 74, 77 [4th Dept 2010]; see also Matter of Ramirez, 14 Misc 3d 480, 482-483 [Sur Ct, Bronx County 2006]).
Even if DSS chose to fully litigate the issue before Supreme Court, which the record demonstrates it did not, the claim asserted against the estate was not a lien on a claim for personal injuries (cf. D.J. v 636 Holding Corp., 154 AD3d 453, 456 [1st Dept 2017]). Therefore, any reliance on Arkansas Dept. of Health and Human Services v Ahlborn (547 US 268 [2006]) is misplaced. DSS is seeking recovery under Social Services Law § 369(2)(b)(i)(B), which contains "no limiting language with respect to estate funds that were not earmarked for medical expenses only" (Matter of Heard, 79 AD3d at 77). It is not seeking a lien under Social Services Law § 104-b, which does limit the recovery to the amount of medical expenses paid and does not provide for the recovery of other amounts, such as pain and suffering or lost wages (see D.J., 154 AD3d at 456).
We have considered the remaining contentions and find them unavailing. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June [*2]26, 2025