In the Matter of JOHN WOITASEK, an Incompetent Person. STANLEY GAWKOWSKI, as Substituted Committee.

Supreme Court, Special Term, New York County, March 1, 1943.

*Nathaniel L. Goldstein, Attorney-General* (*William F. McNulty* of counsel), for Rockland State Hospital.

*Francis J. Wazeter* for substituted committee.

McLAUGHLIN, J. This is a motion for reargument made by the Attorney-General of the State of New York requesting that the court reconsider an interim disposition which directs that the question as to the offset claimed by the substituted committee of the incompetent be referred to an official referee to report to the court as to the value of the services rendered by the incompetent to the State of New York during his confinement.

It appears that the Superintendent of Rockland State Hospital made a motion to recover from the substituted committee

of the incompetent the sum of $6,186, representing the claimed cost of the incompetent's care, maintenance and medical treatment while confined to that institution. This motion was originally disposed of by an order which denied the same with leave to renew on the final accounting. Subsequently, the Attorney-General sent a letter to the court, dated January 29, 1942, in which he consented to the order of reference above referred to. No hearings have been held before the referee and this present motion is made based upon jurisdictional grounds to the effect that even though the State of New York, through one of its institutions, sues for care and maintenance, there can be no offset for any claim made against the State of New York except as provided by statute and that any such claim must be heard in the Court of Claims.

The position taken by the Attorney-General is sound, for the State can neither be sued nor can an offset be made on an otherwise valid claim even though the State itself commences the initial proceeding or action. (*People* v. *Dennison,* 84 N. Y. 272, 280; *People ex rel. Western Union Telegraph Co.* v. *Roberts,* 30 App. Div. 78, affd. 156 N. Y. 693.)

The defendant has cited one authority to the contrary. (*People* v. *Brandreth,* 36 N. Y. 191, 196.) However, in view of the subsequent authority and the rulings of the Court of Appeals in the cases referred to, this authority must now be considered without weight. (See *People* v. *Greylock Construction Co., Inc.,* 213 App. Div. 21, 23, affd. 240 N. Y. 710.)

It also appears that the Attorney-General may not waive the State's immunity from any action. (*Seitz* v. *Messerschmitt,* 117 App. Div. 401, affd. 188 N. Y. 587.) As was said in the case of *Metropolitan Trust Co.* v. *Tax Commissioners* (220 N. Y. 344, 346): " No action may be brought against the state directly or indirectly save by its consent. No board or officer may submit a controversy to the courts which might result in a money judgment against the state, where the state may not itself be sued. Therefore, the judgment of the Appellate Division in so far as it affects state funds is unauthorized."

Moreover, the immunity granted the State from suit is equally applicable to its agencies and officers. (*Adler, Inc.* v. *Noyes,* 285 N. Y. 34.)

The motion for reargument is granted and upon reconsideration, the order of January 30, 1942, is recalled. The original disposition made on January 26th is reinstated to the extent that the motion of the Acting Superintendent of the Rockland State Hospital is denied without prejudice to a renewal upon the final accounting. Settle order.