STATE OF NEW YORK, Respondent, v JOHN CREEDON, Appellant.— Appeal from that part of an order of the Supreme Court at Special Term, entered June 25, 1979 in Albany County, which granted plaintiff's motion to dismiss defendant's affirmative defenses. This action was commenced on or about September 16, 1974 to recover the sum of $15,995.83 alleged to be the balance owed for services rendered to defendant's son, Chris Creedon, while he was a patient at the New York State Rehabilitation Hospital at West Haverstraw, New York. Defendant's son was admitted to the hospital on May 11, 1970 for treatment of a disability resulting from a fall which occurred in December, 1969. On November 19, 1970, defendant signed an agreement authorizing payment of insurance benefits directly to the hospital, and accepting financial responsibility for charges not covered by the insurance. On March 1, 1971, while still a patient at the hospital, defendant's son attempted suicide by stabbing himself several times in the abdomen with a steak knife which had not been removed from his room. After 1:30 A.M. his condition was discovered, whereupon he was given emergency treatment and was transferred to another hospital for emergency surgery. Thereafter, complications arose necessitating a series of surgical operations. He never fully recovered, and eventually died on October 20, 1978. The complaint alleged that defendant's son was admitted to the hospital on May 11, 1970, and was discharged on March 2, 1971; that

the total bill for services rendered by the hospital was $23,260; and that $7,264.17 had been paid by insurance, leaving a balance due of $15,995.83. A copy of the agreement dated November 19, 1970 was annexed to the complaint. Defendant's answer denied the allegations of the complaint, except the allegation that his son was a patient in the hospital from May 11, 1970 to March 2, 1971. In addition, the answer contained two affirmative defenses. The first affirmative defense alleges that defendant's son was a patient at the hospital for the purpose of rehabilitation and other therapy; that plaintiff represented that it would properly care and treat his son; that, in reliance upon said representations, defendant signed the agreement dated November 19, 1970; that plaintiff was careless and negligent in allowing his son to come into possession of the steak knife and had provided inadequate supervision, and had failed to properly observe and care for his son after he had discussed the possibility of suicide with the floor nurses and hospital psychologist. The second affirmative defense alleges that plaintiff was careless and negligent in hiring improper, unfit, insufficiently trained and insufficiently skilled persons to act as attendants in charge of his son; in failing to take reasonable precautions to prevent his son from committing suicide; and in allowing an assault to be committed upon his son by an employee. On January 17, 1975, plaintiff moved for an order striking the answer, and granting it summary judgment upon the ground that there was no defense to the cause of action. The moving affidavit asserted that answer, in fact, alleged a negligence action against the State, which claim should be asserted in the Court of Claims by defendant, and that the answer should, therefore, be stricken. Special Term, by order dated April 30, 1975, denied the motion upon the ground there existed "a strong factual issue as to whether or not plaintiff is entitled to judgment against defendant for the reason that it may well be determined that the plaintiff's services, upon which its cause of action is based, were worthless". On January 10, 1979, defendant moved for a change of venue from Albany County to Queens County. On February 7, 1979, Special Term denied this motion, without prejudice to a renewal of the motion, for failure to comply with the requirements of *Radatron, Inc. v Z. Z. Auto Tel.* (30 AD2d 760). On March 23, 1979, defendant renewed his motion for a change of venue to Queens County before a different Special Term Justice. Plaintiff then cross-moved for an order dismissing defendant's affirmative defenses, asserting that the Supreme Court lacks jurisdiction over any cause of action against the State, either as a counterclaim or setoff. The Special Term Justice, by order dated June 25, 1979, granted defendant's motion for a change of venue, and granted plaintiff's motion to strike the affirmative defenses in the answer. In granting the motion to dismiss the affirmative defenses, Special Term said "affirmative relief against the State by asserting a counterclaim or set-off is prohibited *(People v. Dennison,* 84 NY 272)." Defendant now appeals from the part of the order dismissing his affirmative defenses. No appeal is taken from the part of the order directing a change of venue. That part of the order appealed from must be reversed. From the moving papers it appears that the motion to strike the answer and for summary judgment made on January 17, 1975, and the motion to strike the affirmative defenses made on March 23, 1979, were both made on the grounds that a counterclaim or setoff is not available to a party sued by the State in Supreme Court since the Court of Claims has exclusive jurisdiction in an action against the State *(State Univ. of N. Y. v Syracuse Univ.,* 285 App Div 59; *Matter of Woitasek,* 179 Misc 947). Although technically on their face the motions appear to be different, the end result would appear to be the same. If the affirmative

defenses were stricken, the answer would consist only of general denials which would not be sufficient to defeat a motion for summary judgment in a contract action (CPLR 3015). Under the circumstances, plaintiff should have sought relief by appeal from the order made on January 17, 1975, or should have sought leave to renew or to reargue that motion by application on notice to the Special Term Justice who granted the order dated June 25, 1979. (CPLR 2221; *George W. Collins, Inc. v Olsker-McLean Ind.,* 22 AD2d 485.) "It is not proper practice to seek review of the order of one Special Term Justice by another such Justice *(Matter of White,* 101 App. Div. 172, 173). Such a practice, if sanctioned, is tantamount to an appeal from an order made by one Special Term Justice to another Special Term Justice who has no appellate or revisory jurisdiction with respect to the order *(Platt v. New York & Sea Beach Ry. Co.,* 170 N. Y. 451, 458)." *(Empire Mut. Ins. Co. v West,* 22 AD2d 938.) Further, the affirmative defenses allege facts which, if proven may show that plaintiff failed to perform its obligations under the contract with defendant. CPLR 3015 (subd [a]) provides that a denial of performance must be pleaded "specifically and with particularity." While the allegations of the affirmative defenses may contain some matters which are immaterial or irrelevant on the issue of nonperformance, the admissibility of evidence as to these matters may be properly determined by the trial court. Order modified, on the law, by reversing so much thereof as dismissed defendant's affirmative defenses, and, as so modified, affirmed, without costs. Greenblott, J. P., Sweeney, Kane, Staley, Jr., and Casey, JJ., concur.