■ In the Matter of the Estate of VIRGINIA LUPOLI, Deceased. MARGUERITE LUPOLI, Appellant; PETER LUPOLI, Respondent. [655 NYS2d 551] —In a proceeding to settle the account of the administrators of the estate of Virginia Lupoli, Marguerite Lupoli appeals, as limited by her brief, from so much of an order of the Surrogate's Court, Queens County (Nahman, S.), dated January 5, 1996, as granted that branch of the motion of Peter Lupoli, a beneficiary of the estate, for summary judgment dismissing her Objections Nos. 1 and 2 (a), (b), (d), (f), and (h), and denied that branch of her cross motion which was for a continuance pending further discovery.

Ordered that the order is affirmed insofar as appealed from, with costs payable by Marguerite Lupoli individually.

Because Objections Nos. 1 and 2 (a), (b), (d), (f), and (h), involve a controversy between living persons relating to a matter which does not affect the estate, the Surrogate's Court properly concluded that it did not have subject matter jurisdiction over those objections (*see, Matter of Lainez*, 79 AD2d 78, 80, *affd* 55 NY2d 657; *Matter of Jemzura*, 65 AD2d 656, *affd* 52 NY2d 1067). In any event, the objections seeking imposition of a constructive trust were time-barred, as they were brought long after the six-year Statute of Limitations applicable to such claims had expired, regardless of whether the cause of action is deemed to have accrued at the time the property was transferred, i.e., 1965 and 1967, or 1976, when the corporation to which the property was transferred was dissolved (*see*, CPLR 213 [1]; *Sitkowski v Petzing*, 175 AD2d 801; *Scheuer v Scheuer*, 308 NY 447; *Mattera v Mattera*, 125 AD2d 555, 556-557; *Augustine v Szwed*, 77 AD2d 298, 300-301; *Bey Constr. Co. v Yablonski*, 76 AD2d 875).

To the extent that the appellant claims that certain signatures on the deeds transferring the property were forged, any cause of action based on that claim is also time-barred (*see*, CPLR 213 [1], [8]; *Piedra v Vanover*, 174 AD2d 191). Bracken, J. P., O'Brien, Krausman and Goldstein, JJ., concur.