■ In the Matter of Estate of LIVINGSTON MANDEL DEANS, Deceased. SHARON DEANS et al., Respondents; FELIPE ORNER et al., Respondents. REAL SPEC VENTURES, LLC, Nonparty Appellant. [889 NYS2d 668]—

The decedent Livingston Mandel Deans, his father Byron, and his second wife Sharon R. Stephenson, purchased a commercial property in Queens (hereinafter the property) pursuant to a 1991 deed which granted each of them a one-third interest in the property as tenants in common. The decedent died intestate in 2001, approximately five years after his 1996 marriage to Sharon R. Stephenson (hereinafter Deans). The distributees of the decedent's estate were his two children and Deans, pursuant to the provisions of the Estates, Powers and Trusts Law.

After letters of administration were granted to Deans and her attorney, Deans purported to convey the property to herself in a 2003 deed in which she forged the signature of the decedent's adult daughter as "all the heirs at law and next of kin of Livingston M. Deans, Deceased." Deans then obtained a $370,000 mortgage (hereinafter the mortgage) from Real Spec Ventures, LLC (hereinafter Real Spec), using a fraudulent document which she executed with someone she presented as the decedent's father, Byron Deans.

Deans filed her account as the former coadministrator of the decedent's estate after the Surrogate's Court revoked her letters of administration and directed her to file her account. After a trial on the objections to the account, the Surrogate's Court determined, inter alia, that the 2003 deed and the mortgage were void as fraudulent, and directed the County Registrar to cancel the recording of the 2003 deed and the mortgage.

The limited jurisdiction of the Surrogate's Court does not extend "to independent matters involving controversies between living persons" (*Matter of Lainez*, 79 AD2d 78, 80 [1981]). Thus, the Surrogate's Court lacked subject matter jurisdiction to determine that the mortgage should be cancelled in its entirety where living persons owned the remaining interests in the property pursuant to the 1991 deed, which remains valid (*cf. Matter of Lupoli*, 237 AD2d 440 [1997]; *Matter of Burns*, 228 AD2d 674 [1996]; *Matter of Simonson*, 271 App Div 420, 422 [1946]). Accordingly, the decree must be modified to indicate that the cancellation of the subject mortgage does not encompass the interests of any living persons in the property and is limited to any interest held by the estate of Livingston Mandel Deans.

In light of our determination, Real Spec's remaining contentions are academic. Dillon, J.P., Dickerson, Belen and Roman, JJ., concur.