[2 NYS3d 871]

In the Matter of the Accounting of STEVEN MILLER, as Administrator of the Estate of ELAINE MILLER, Deceased, Petitioner.

Surrogate's Court, Queens County, January 21, 2015

## APPEARANCES OF COUNSEL

*Eric T. Schneiderman, Attorney General*, Albany (*Jennifer Principe* of counsel), for respondent.

*Berwitz & DiTata LLP*, Garden City (*Lawrence N. Berwitz* of counsel), for petitioner.

## OPINION OF THE COURT

PETER J. KELLY, S.

In this accounting proceeding, the New York State Office of Mental Health (OMH) objected, inter alia, to that portion of petitioner's account which rejected its claim for Medicaid services paid on behalf of the decedent. In the account, petitioner alleged that the claim was rejected because OMH had negotiated a settlement with decedent prior to her death for the cost of her care in an amount much less than claimed. He also alleged in the statement of pertinent facts contained in schedule J that the decedent's death was the direct result of the negligence of OMH and, therefore, OMH's claim, if valid, is offset and exceeded by a claim for decedent's wrongful death. OMH moved for an order dismissing petitioner's "defense" and granting summary judgment allowing its claim.

Just prior to the return date of the motion, petitioner amended his accounting. This amendment was done without leave and beyond the period within which an amendment could have been made as of right since more than 20 days had elapsed from the time OMH served its objections (*see* CPLR 3025). Nevertheless, receipt of the amended accounting and its submission as filed was acknowledged and accepted by objectant in a waiver and consent. In the amended account, petitioner replaces the claim of offset based upon the wrongful death of the decedent with the "defense" of equitable recoupment in mitigation of OMH's claim based upon the decedent's personal injuries and death.

The legal theories of "setoff" and "recoupment," while similar, differ in this respect: "Setoff" is a money demand independent of, and unconnected with, the underlying cause of action which may be pleaded as a defense or a counterclaim (*Otto v Lincoln Sav. Bank of Brooklyn*, 268 App Div 400, 402 [1944], *affd* 294 NY 798 [1945]). It is a separate and distinct claim not grounded in the underlying cause. "Recoupment" is a deduction from a money claim based on cross demands arising out of the same transaction which is allowed to compensate one another and leave the balance only to be recovered; it "only permits a transaction which is made the subject of [the] suit . . . to be examined in all its aspects, and judgment to be rendered that does justice in view of the one transaction as a whole" (*Matter of National Cash Register Co. v Joseph*, 299 NY 200, 203 [1949] [emphasis omitted]). Equitable recoupment gives no right to actual payment, but allows for a reduction limited to the amount of the underlying claim.

Objectant has not filed amended objections to the amended accounting modifying petitioner's claim of offset to the defense of equitable recoupment, but addresses the defense in its reply papers on the motion.

OMH contends that petitioner's defense to its claim must be dismissed as a matter of law. Initially OMH notes that a wrongful death action has not been commenced against the State and that a notice of claim has not even been filed. OMH argues that the Surrogate's Court, in any event, lacks subject matter jurisdiction to entertain a wrongful death action. OMH further maintains that any action against it based on wrongful death, whether for equitable or monetary relief, must be brought in the Court of Claims.

Petitioner counters that his claim for equitable recoupment is not time-barred pursuant to CPLR 203 (d), and the filing of

a notice of claim is not necessary. He argues that he is not seeking affirmative relief against the State in the form of damages for decedent's injury and death in excess of OMH's claim, but is merely asserting an equitable defense in abatement or reduction of OMH's claim. Petitioner further argues that the Surrogate's Court is the appropriate forum within which to raise this defense since it has broad subject matter jurisdiction over the affairs of a decedent and equitable power, whereas the Court of Claims lacks the jurisdiction to grant equitable relief.

Although the Surrogate's Court has full general jurisdiction in law and in equity in all matters relating to estates and the affairs of decedents, and to determine all questions arising between any of the parties or any other person having a claim or interest over whom jurisdiction has been attained (*see* NY Const, art VI, § 12 [d], [e]; SCPA 201, 202, 209), it is, nevertheless, a court of limited subject matter jurisdiction and may exercise only those powers conferred upon it by statute (*see Matter of Stortecky v Mazzone*, 85 NY2d 518, 524 [1995]; *Matter of O'Connell*, 98 AD3d 673, 674 [2012]; *Matter of Wallace*, 239 AD2d 14, 15 [1998]). The jurisdiction of the court does not extend to matters involving controversies between living persons (*see Matter of Deans*, 68 AD3d 767, 768 [2009], *lv denied* 14 NY3d 704 [2010]; *Matter of Lainez*, 79 AD2d 78, 80 [1981], *affd* 55 NY2d 657 [1981]).

As OMH correctly points out, a claim for wrongful death is for the pecuniary loss suffered by decedent's distributees, not for damages suffered by the decedent's estate. Therefore, such a claim entails a controversy between living persons and does not affect the estate of the decedent (*see Maurer v Johns-Manville, Inc.*, 126 AD2d 524, 526 [1987]). Consequently, petitioner's assertion of equitable recoupment based on the wrongful death of decedent does not properly lie as to OMH's claim against decedent's estate and this court lacks subject matter jurisdiction on the basis of decedent's alleged wrongful death to entertain the equitable relief sought by petitioner against the claim (*see Matter of Wallace*, 239 AD2d 14, 16 [1998]).

However, petitioner also bases his assertion of equitable recoupment on the injuries allegedly sustained by the decedent. While a claim for wrongful death does not belong to the estate of the decedent, a claim for personal injuries redresses a wrong suffered by the decedent and, as such, is an interest vested in the decedent which passes to the estate (*see* EPTL 11-3.2; *see*

*also Heslin v County of Greene*, 14 NY3d 67, 76-77 [2010]). The value to the estate is determined by the extent of the non-economic and economic losses sustained by the decedent resulting from pain and suffering, medical and other expenses incurred, and loss of earnings.

Although a personal injury claim is properly brought in the Supreme Court or other court of civil jurisdiction for the recovery of money, to the extent a decedent's personal injury losses may have arisen out of the negligent rendition of services provided to the decedent by a party seeking to enforce its claim in the Surrogate's Court for the cost of such services, it could be argued that the estate should be able to assert equitable recoupment based on the extent of those losses as a defense to the claim, and that the Surrogate's Court possesses the jurisdiction to determine the issues involved (*cf. Matter of Foris*, NYLJ, Apr. 2, 1997 at 25, col 1 [Sur Ct, Nassau County 1996]; *see companion proceeding Travis v Haskel, Hand & Lancaster*, NYLJ, Jan. 5, 2001 at 33, col 6 [Sur Ct, Nassau County 2000]; *Matter of Warsaski*, 190 Misc 2d 553 [Sur Ct, NY County 2002]; *Matter of Bibliowitz v Greenspan*, NYLJ, Feb. 23, 2001 at 17, col 3 [Sur Ct, Nassau County]).

Assuming for argument's sake that the Surrogate's Court generally would possess jurisdiction to determine the issues that would be raised by the assertion of a defense of equitable recoupment based on the damages sustained from personal injuries, and further assuming that in this matter the alleged personal injuries of the decedent arise out of the same transaction as OMH's claim, the court nevertheless must find, in the context of the instant proceeding, that it lacks the jurisdiction to entertain petitioner's defense based on those damages.

Despite petitioner's averment that he is not seeking affirmative relief against OMH in the form of damages in excess of OMH's claim, his assertion for equitable recoupment premised upon the decedent's personal injuries of necessity would require a determination as to the amount of monetary damages decedent sustained from her injuries as a result of the alleged negligence of OMH's employees in the provision of its services. Therefore, notwithstanding petitioner's imposition of the defense merely for the purpose of obtaining an abatement or reduction to OMH's claim, his defense based upon unspecified damages suffered by decedent as a result of OMH's negligence is the equivalent of a claim for money damages against a state agency for a tort committed through the acts of its employees,

a claim over which the Court of Claims has exclusive jurisdiction (*see* NY Const, art VI, § 9; Court of Claims Act § 9 [2]). Therefore, the defense of equitable recoupment to OMH's claim based upon unspecified damages sustained as a result of decedent's personal injuries is unavailable to petitioner in this matter (*see State of New York v Dewey*, 260 AD2d 924 [1999]; *but see State of New York v Creedon*, 76 AD2d 958 [1980]).

Accordingly, the branch of the motion to dismiss petitioner's affirmative defense of equitable recoupment based upon unspecified damages for the personal injuries and wrongful death of the decedent is granted.

Turning to the branch of respondent's motion for summary judgment, OMH has submitted an affidavit from its resource and reimbursement agent and a copy of its verified claim setting forth the period of days between April 13, 2009 and May 5, 2011 Medicaid services were provided to decedent while a resident of the OMH facility and the per day charge as proof of the $362,310.13 it alleges is due in reimbursement.

Petitioner does not deny that decedent was a resident of an OMH facility and received services during the periods in question but contends that the amount due for such services and residency was compromised and reduced during decedent's lifetime.

In support of his contention, petitioner submits a bill dated January 19, 2012 from OMH for inpatient services with a balance due in the amount of $12,877.07. The bill shows an opening balance and a closing balance in this identical amount. Petitioner claims that this bill reflects a negotiated reduction of the amount due for the services provided to the decedent. Petitioner alleges that prior to decedent's passing he was advised by a patient advocate that the facility had requested that decedent pay the $12,877.07 in full satisfaction of its claims and that decedent had agreed to do so.

OMH on the other hand claims that the bill merely reflects the amount the decedent was required to spend down out of her net available monthly income to maintain her post-Medicaid eligibility and is separate from the claim for the Medicaid costs of services. Annexed to its papers is a copy of a letter addressed to petitioner dated June 3, 2010 in which it states, "Your mother agreed to pay something towards the cost of her care," and requests that no payment be made until a bill is received. Also annexed is an invoice dated June 18, 2010 showing a zero opening balance as of April 4, 2009, and a closing balance as of May 31, 2010 in the amount of $12,877.07.

To grant summary judgment, it must clearly appear that no material issues of fact are presented (*Phillips v Kantor & Co.*, 31 NY2d 307 [1972]; *Glick & Dolleck v Tri-Pac Export Corp.*, 22 NY2d 439 [1968]). Summary judgment should not be granted where there is any doubt as to the existence of such issues, or where the issue is arguable (*Glick & Dolleck v Tri-Pac Export Corp.*, 22 NY2d 439, 441 [1968]). A party moving for summary judgment must make a prima facie showing of entitlement to judgment as a matter of law, producing sufficient evidence to demonstrate the absence of any material issues of fact (*Giuffrida v Citibank Corp.*, 100 NY2d 72, 81 [2003]; *Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). The court's function on a motion for summary judgment is not to resolve issues of fact or to determine matters of credibility but merely to determine whether such issues exist (*see Barr v County of Albany*, 50 NY2d 247 [1980]; *Roth v Barreto*, 289 AD2d 557, 558 [2001]). Evidence that would be barred under the Dead Man's Statute (CPLR 4519) cannot be considered in support of a motion for summary judgment, but such evidence may be considered in determining whether a triable issue exists and, therefore, may be used to defeat a motion for summary judgment (*Phillips v Kantor & Co.*, 31 NY2d 307 [1972]; *Friedman v Sills*, 112 AD2d 343, 344 [1985]).

■ The court finds that in the present posture of the proceeding the foregoing presents issues of fact as to the alleged negotiated settlement with decedent which would preclude the grant of summary judgment. While petitioner may certainly have evidentiary problems establishing his defense at trial, the court cannot resolve these issues on the merits at this juncture, as it is not the court's function on this motion to determine the credibility of the conflicting evidence presented.

Accordingly, the branch of the motion for summary judgment allowing the claim of OMH is denied.