Matter of Vecchio (2023 NY Slip Op 05612)

Matter of Vecchio

2023 NY Slip Op 05612

Decided on November 8, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 8, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
VALERIE BRATHWAITE NELSON
CHERYL E. CHAMBERS
BARRY E. WARHIT, JJ.

2021-07353

[*1]In the Matter of Patrick R. Vecchio, deceased. Richard Vecchio, respondent; Bernadine Kinder, appellant. (File No. 1861/19)

Ahern & Ahern, PLLC, Kings Park, NY (Dennis P. Ahern of counsel), for appellant.
McCoyd, Parkas & Ronan, LLP, Garden City, NY (Maria L. Johnson of counsel), for respondent.

DECISION & ORDER
In a proceeding, inter alia, pursuant to SCPA 2103 to direct Bernadine Kinder to produce discovery and turnover certain funds that she is alleged to have withheld from the estate of Patrick R. Vecchio, Bernadine Kinder appeals from an order of the Surrogate's Court, Suffolk County (Stephen Braslow, S.), dated September 23, 2021. The order, insofar as appealed from, denied the motion of Bernadine Kinder pursuant to CPLR 3211(a) to dismiss the petition.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In or about January 2021, the petitioner Richard Vecchio, executor of the estate of Patrick R. Vecchio (hereinafter the decedent), filed a petition in the Surrogate's Court pursuant to SCPA 2103 against Bernadine Kinder for discovery and the turnover to the estate of certain funds belonging to the estate that the petitioner alleged Kinder took from the decedent before his death. Kinder thereafter moved pursuant to CPLR 3211(a) to dismiss the petition. By order dated September 23, 2021, the court, inter alia, denied the motion. Kinder appeals.
The Surrogate's Court possesses only those powers conferred upon it by statute (see Matter of Tarlow, 111 AD3d 751, 752; Matter of O'Connell, 98 AD3d 673, 674; see also SCPA 201). The court's limited subject matter jurisdiction does not extend "'to independent matters involving controversies between living persons'" (Matter of Deans, 68 AD3d 767, 768, quoting Matter of Lainez, 79 AD2d 78, 80, affd 55 NY2d 657; see Matter of O'Connell, 98 AD3d at 674).
Contrary to Kinder's contention, the matter in controversy, relating to the alleged wrongful taking of funds by Kinder which had previously been held in the decedent's deferred compensation plan account but were withdrawn from that plan account during the decedent's lifetime, affected the affairs of the decedent and the administration of his estate. The proceeding does not relate to "independent matters involving controversies between living persons" (Matter of Lainez, 79 AD2d at 80). Rather, the proceeding involves the issue of whether Kinder misappropriated any funds to which the estate is entitled. Thus, the Surrogate's Court properly determined that it had subject matter jurisdiction over the controversy (see Matter of Hersh, 102 AD3d 872, 872-873; Matter of Denton, 6 AD3d 531, 532).
Kinder's remaining contentions are without merit.
DUFFY, J.P., BRATHWAITE NELSON, CHAMBERS and WARHIT, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court