JPMorgan Chase Bank, N.A. v Ben Gruber Inc. (2025 NY Slip Op 50400(U))

[*1]

JPMorgan Chase Bank, N.A. v Ben Gruber Inc.

2025 NY Slip Op 50400(U)

Decided on March 27, 2025

Surrogate's Court, Putnam County

Molé, S.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on March 27, 2025
Surrogate's Court, Putnam County

JPMorgan Chase Bank, N.A., Plaintiff,

against
Ben Gruber, Inc., JANICE GRUBER, and ERIC GRUBER, Defendants.

File No. 2018-170/J

Warren Wynshaw, P.C.
Attn: Warren Wynshaw, Esq.
Attorneys for Codefendants Ben Gruber, Inc. and Janice Gruber
P.O. Box 3
Fishkill, NY 12524
Email: warren@wynshaw.com
Law Offices of Stephen J. Curley Law Offices, LLC
Attn: Stephen J. Curley, Esq.
Attorneys for Defendant Eric Gruber
Six Landmark Square — Fourth Floor 
Stamford, CT 06901
Email: scurley@cur-law.com

Anthony R. Molé, S.

Benjamin D. Gruber (hereinafter the decedent) died on March 19, 2018. Decedent was survived by, among others, his wife Janice Gruber and his son Eric Gruber. They, among other individuals, are beneficiaries of the decedent's estate.
In October 2018, letters of administration were issued to Janice Gruber for the decedent's estate. Given the nature of prior legal proceedings, administration of the decedent's estate has exposed a long-standing family feud between the individual parties herein — namely, Janice and Eric Gruber — concerning, among other matters, the decedent's company Ben Gruber, Inc. (hereinafter "BGI").
In June of 2019, plaintiff commenced an action in Westchester Supreme Court under Index No. 59865/2019 to, inter alia, recover on a line of credit agreement and personal guaranties. The [*2]complaint contains eight causes of action wherein plaintiff seeks to recover on separate guaranty agreements that were made and executed by decedent and the defendants herein (see NY St Cts Elec Filing [NYSCEF] Doc Nos. 1-5, complaint and exhibits A-D, in JPMorgan Chase Bank, N.A. v. Ben Gruber, Inc. et al, Sup Ct, Westchester County, index No. 59865/2019).
Thereafter, the defendants interposed separate answers. Relevant here, the codefendants BGI and Janice Gruber each asserted cross claims against defendant Eric Gruber for recoupment and offset of monies in the event they were found liable to plaintiff on the complaint.[FN1]

According to their respective answers, the decedent was the sole owner of BGI, which Janice Gruber avers is an asset of the estate. BGI and Janice Gruber claim that after the decedent died, Eric Gruber impermissibly transferred bank funds from BGI's bank accounts; and therefore, he wrongfully took and kept the bank monies that were in BGI's accounts.
Meanwhile, in January of 2023, several beneficiaries and related parties including Eric Gruber and Janice Gruber, in her capacities individually and as the administratrix of decedent's estate, entered into a comprehensive "Settlement Agreement and Mutual Release," wherein they globally resolved multiple claims pending at the time in this Court and the Supreme Courts of Putnam and Bronx Counties, including a turnover proceeding under SCPA article 21 brought by Janice Gruber concerning various real properties situated in the Counties of Putnam and the Bronx (see NYSCEF Doc No. 237, so-ordered stipulation, in Gruber et al. v. Gruber et al, Sup Ct, Putnam County, index No. 500507/2019). The 2023 agreement, however, expressly excluded all of the claims that are asserted in this action (see id. at ¶ 11). As a result of the 2023 agreement, there were no ensuing proceedings in this Court involving the administration of the decedent's estate.
Subsequently, the underlying Westchester action was partially settled between plaintiff and codefendants BGI and Janice Gruber, as is reflected in a stipulation of partial discontinuance filed June 27, 2024 (see NYSCEF Doc No. 243). Of import, an undated stipulation of settlement between those parties — which evidently was not so ordered by the Supreme Court Justice — reflects that all parties, except defendant Eric Gruber, resolved the claims against the estate and codefendants BGI and Janice Gruber (see NYSCEF Doc No. 240, stipulation). The 2024 stipulation of settlement provides, among other things, that BGI would pay $130,000 to plaintiff in full satisfaction of all claims made by plaintiff against the codefendants BGI and Janice Gruber (see id. at ¶ 1); and also states that any claims or defenses between the estate and all of the defendants herein that "may exist" between them would survive the stipulation (id. at ¶ 5).
On July 9, 2024, plaintiff, as a creditor of decedent, filed a satisfaction of claim in Surrogate's Court reflecting that its claim against the estate was satisfied in full based on payment and receipt of $130,000, as per the 2024 stipulation of settlement filed in this action. The partial settlement and discontinuance left unresolved the existing cross claims for setoff and recoupment that are asserted by codefendants BGI and Janice Gruber against Eric Gruber.
By Order of the Supreme Court, Westchester County (Janet C. Malone, J.), dated October 21, 2024, the cross claims asserted by codefendants BGI and Janice Gruber against defendant Eric [*3]Gruber were removed and transferred, under CPLR 325 (e), to Surrogate's Court, Putnam County (see NYSCEF Doc No. 249, order; see also SCPA 501 [1] [a]). Justice Malone issued the removal order based on an unopposed motion that was jointly filed by codefendants BGI and Janice Gruber, wherein they assert that BGI's cross claims are "made on behalf of the estate and will directly benefit the estate," and that Janice Gruber's cross claims "are pendent to BGI's claims and may be adjudicated under the general jurisdiction of the Surrogate's Court" (affirmation of counsel for codefendants BGI and Janice Gruber in support of mot to remove ¶ 15-16).
After removal and transfer of this action to this Court,[FN2]
a status conference was held before the undersigned on December 20, 2024, when a discovery schedule was established. A preliminary conference order was entered and signed by the Court on January 10, 2025. The transfer of this action, nevertheless, raises a preliminary issue as to this Court's jurisdiction.
Upon close review and examination of the cross claims asserted by BGI and Janice Gruber in their respective answers against defendant Eric Gruber, the Court dismisses this action/proceeding for lack of subject matter jurisdiction. Such dismissal shall be without prejudice. 
Well-settled law dictates that on its own motion, a court may, sua sponte, raise the issue of subject matter jurisdiction at any juncture and dismiss an action or proceeding over which it has no power to entertain (see Editorial Photocolor Archives v Granger Collection, 61 NY2d 517, 523 [1984] ["(a) judgment or order issued without subject matter jurisdiction is void, and that defect may be raised at any time and may not be waived"]; Lacks v Lacks, 41 NY2d 71, 75 [1976]). "A court's lack of subject matter jurisdiction may not be waived, and may, in fact, be raised at any time" (VNB NY, LLC v Y.M. Intercontinental Gem Corp., 154 AD3d 903, 906 [2d Dept 2017]; see Matter of Trump, 68 Misc 3d 593, 596 [Sur Ct, Queens County 2020]).
Subject matter jurisdiction of the Surrogate's Court is conferred by the New York State Constitution (see NY Const, art VI, §§ 12 [d], [e]).[FN3]
"The Supreme Court and the Surrogate's Court have concurrent jurisdiction over the administration of a decedent's estate" (Cipo v Van Blerkom, 28 AD3d 602, 602 [2d Dept 2006]; see NY Const, art VI, § 12 [d] ["(t)he [S]urrogate's court shall have jurisdiction over all actions and proceedings relating to the affairs of decedents. . . administration of estates and actions and proceedings arising thereunder or pertaining thereto . . . and such other actions and proceedings, not within the exclusive jurisdiction of the supreme court, as may be provided by law"]).
"The Surrogate's Court is a court of limited subject matter jurisdiction and possesses only those powers conferred upon it by statute" (Matter of O'Connell, 98 AD3d 673, 674 [2d Dept 2012]; see SCPA 201). "While the jurisdiction of the Surrogate's Court is broad where the controversy relates to the affairs of decedents or the proceeding pertains to the administration of an estate, the Surrogate's Court's limited subject matter jurisdiction does not extend to independent matters involving controversies between living persons" (Matter of O'Connell, 98 AD3d at 674 [emphasis [*4]added] [internal quotation marks and citations omitted]; see Matter of Deans, 68 AD3d 767, 768 [2d Dept 2009], lv denied 14 NY3d 704 [2010]). Prior precedent establishes that "'the Surrogate's Court has no jurisdiction over a claim by a creditor against a distributee . . . of an estate'" (Matter of Tarlow, 111 AD3d 751, 752 [2d Dept 2013], quoting Matter of Lainez, 79 AD2d 78, 80 [2d Dept 1981], affd 55 NY2d 657 [1981]; see SCPA 103 [14]).
"[F]or the Surrogate's Court to decline jurisdiction, it should be abundantly clear that the matter in controversy in no way affects the affairs of a decedent or the administration of his [or her] estate" (Matter of Piccione, 57 NY2d 278, 288 [1982]). "Generally[,] the Surrogate's Court may invoke jurisdiction if the relief sought would directly benefit the estate" (Matter of Rosenblatt [Oglesby], 76 Misc 3d 277, 281 [Sur Ct, Queens Court 2022]). "If, however, a court lacks subject matter jurisdiction, the parties may not confer it on the court, and it may not be created by laches or estoppel" (Morrison v Budget Rent A Car Sys., 230 AD2d 253, 260 [2d Dept 1997]; see CPLR 3211 [e]).
The Surrogate's Court also has power to exercise equity jurisdiction as may be provided by law (see NY Const, art VI, § 12 [e]; see also SCPA 209 [3], [4], [10]). "In matters properly relating to the exercise of that jurisdiction, Surrogate's Court may utilize CPLR procedures and devices and may exercise all powers that Supreme Court would have in exercising like jurisdiction, including incidental powers essential to carrying out express statutory powers" (Matter of Wallace, 239 AD2d 14, 15 [3d Dept 1998]).
With that said, the Surrogate's Court's subject matter jurisdiction is not unlimited. A determination of what matters are related to the "affairs of decedents" or are actually disputes between living persons is not resolvable through "bright-line demarcation" (3 Warren's Heaton on Surrogate's Court Practice § 2.02 [3] [a] at 2-18 [7th ed]).
Here, the matter in controversy relating to the alleged wrongful misappropriation of BGI's bank funds by Eric Gruber does not directly affect the affairs of the decedent or the administration of his estate based on the scant allegations articulated by BGI and Janice Gruber. Analogous to BGI's answer, the amended answer of Janice Gruber asserts cross claims against Eric Gruber for "offset of monies" and "recoupment," alleging that he committed "forgery," wrote checks without authority, and made transfers of large sums of money from BGI's checking and escrow accounts to another company called "Ben Gruber Adjusters, Inc." (NYSCEF Doc No. 63, amended answer ¶ 62-63). BGI and Janice Gruber do not seek affirmative relief which would directly benefit the estate. Rather, they seek to offset monies and recoup what they paid to plaintiff to settle the claim based, in large part, on Eric Gruber's alleged misconduct in wrongfully misappropriating funds in BGI's accounts. The corporation, not the estate, may be entitled to the monies, notwithstanding the fact that Janice Gruber is administratrix of the estate. There is no specific request, or clear indication, that any monies that may be recouped from Eric Gruber will be distributed as part of administration of the decedent's estate.
Justice Malone's removal order states that the underlying cross claims are "relevant to . . . the administration of [the] decedent's estate"; but the removal order itself notably strikes out the word "affects" (NYSCEF Doc No. 249, order at 1). In fact, there were no estate proceedings pending in Surrogate's Court at the time Justice Malone issued the removal order in this action. Additionally, the Court notes that the decedent's estate was not named or joined as a party defendant in the Westchester action. While Janice Gruber is named as a party defendant in her personal/individual capacity here, she was not named in the action in her capacity as the administratrix of the decedent's estate. Notwithstanding, dismissal of the action on the ground of nonjoinder is unnecessary due to [*5]plaintiff's failure to name the decedent's estate as a defendant (see e.g. Woodhouse v McCarthy, 198 AD2d 909, 909 [4th Dept 1993]; see generally CPLR 1001).
The essential character of the cross claims of codefendants BGI and Janice Gruber do not squarely assert that the decedent's estate is entitled to monies from Eric Gruber based on his alleged misappropriation of funds from BGI's checking and escrow accounts. Nor do the codefendants seek the return of the monies to the decedent's estate based on a theory of conversion. Rather, BGI and Janice Gruber only seek "recoupment" and "offset of monies" to themselves if either of them were "found liable [for] any causes of action set forth in the [plaintiff's] [c]omplaint" (NYSCEF Doc Nos. 13, answer of BGI ¶ 45-46; 63, amended answer of Janice Gruber ¶ 62-63).
In her amended answer, Janice Gruber further alleges that as an estate beneficiary, she and the estate have an interest in a claim against Eric Gruber for his alleged wrongful taking of bank funds that were transferred from BGI's bank accounts after decedent died (see id. at ¶ 49-51). Perhaps so, the factual allegations set forth in BGI and Janice Gruber's answers do not sufficiently demonstrate how the issue(s) surrounding their cross claims pertain to a controversy relating to the affairs of the decedent or how their cross claims pertain to the administration of the decedent's estate (see Matter of Piccione, 57 NY2d at 288; Matter of O'Connell, 98 AD3d at 674).
On closer scrutiny, BGI and Janice Gruber's cross claims clearly seek recoupment and an offset of monies to themselves, not to the estate. The fundamental dispute, per the allegations set forth in the cross claims, is essentially between a company and two living persons (compare Matter of Mooney, 263 AD2d 727, 730 [3d Dept 1999]). The main focus of the litigation is the alleged conduct of Eric Gruber in wrongfully transferring bank funds to different companies — not whether the estate is entitled to any portion thereof (see Matter of O'Connell, 98 AD3d at 674; compare Matter of Denton, 6 AD3d 531, 532 [2d Dept 2004], lvs denied 3 NY3d 656 [2004], 5 NY3d 714 [2005]).
Said differently, the estate will not directly benefit if the relief sought by BGI and Janice Gruber is granted. Therefore, the underlying cross claims of BGI and Janice Gruber for an offset of monies and/or recoupment do not squarely affect the affairs of the decedent or the administration of his estate (see Matter of O'Connell, 98 AD3d at 674; Lincoln First Bank v Sanford, 173 AD2d 65, 67-68 [4th Dept 1991]; compare Matter of Vecchio, 221 AD3d 720, 721 [2d Dept 2023]).
Based on the current procedural posture and how the cross claims are couched by the codefendants BGI and Janice Gruber, this case, for example, is not a proceeding under SCPA 2103 against Eric Gruber for turnover to the estate of certain bank funds allegedly belonging to the estate that he may have taken from the decedent's company after the decedent died (see e.g. Matter of Vecchio, 221 AD3d at 720-721).
Juxtapose this with the causes of action for setoff and recoupment. "The legal theories of 'setoff' and 'recoupment' while similar differ in this respect: '[s]etoff' is a money demand independent of, and unconnected with, the underlying cause of action which may be plead as a defense or a counterclaim. It is a separate and distinct claim not grounded in the underlying cause" (Matter of Miller, 47 Misc 3d 409, 411 [Sur Ct, Queens County 2015] [internal citation omitted]). "'Recoupment' is a deduction from a money claim based on cross demands arising out of the same transaction which is allowed to compensate one another and leave the balance only to be recovered; it 'only permits a transaction which is made the subject of the suit to be examined in all its aspects, and judgment to be rendered that does justice in view of the one transaction as a whole'" (id. [internal ellipses omitted], quoting Matter of National Cash Register Co. v Joseph, 299 NY 200, 203 [1949]).
Even though a dispute may tangentially relate to the affairs of a decedent, it will not automatically fall within the subject matter jurisdiction of the Surrogate's Court. The mere fact that the word "estate" or decedent appears in the cross claims should not be the catalyst to trigger automatic jurisdiction by this Court. The essential relief sought by BGI and Janice Gruber, as asserted in their respective cross claims against Eric Gruber, and any final disposition of the outcome of this action, does not tangibly affect the decedent's estate (compare Matter of Hersh, 102 AD3d 872, 872-873 [2d Dept 2013]). As asserted, their cross claims do not appear to be intertwined with significant issues relating to the administration of the decedent's estate.
Consequently, this Court will not "inject itself into controversies that have no effect upon the estate itself" (Matter of Weinstock, 283 AD2d 510, 511 [2d Dept 2001]). The crux of the defendants' controversy is between living persons relating to a matter which does not affect the estate; thus, the Court concludes that it does not have subject matter jurisdiction over the cross claims of BGI and Janice Gruber (see Matter of Lupoli, 237 AD2d 440, 440 [2d Dept 1997]). In sum, the relief sought in the transferred cross claims will not relate to the affairs of decedent and will not affect the administration of the estate (see Lincoln First Bank v Sanford, 173 AD2d at 68).
Lastly, the purported motion of codefendants BGI and Janice Gruber for the entry of a default judgment against Eric Gruber based on certain deadlines set forth in the preliminary conference order is rendered academic and denied as moot (see generally Matter of Hearst Corp. v Clyne, 50 NY2d 707, 714 [1980]). The supplemental complaint attached to said motion was never formally filed with the Clerk's Office. And in any event, that unfiled pleading does not cure the lack of subject matter jurisdiction vis-à-vis the purported claims asserted therein.
Under the present circumstances, this Court notes that it cannot retransfer this matter back to the Supreme Court, Westchester County in light of Justice Malone's initial removal order transferring the cross claims to this Court (see NY Const, art VI, § 19 [d] ["(t)he (S)urrogate's (C)ourt shall transfer to the (S)upreme (C)ourt . . . any action or proceeding which has not been transferred to it from any of said courts and over which the (S)urrogate's (C)ourt has no jurisdiction"] [emphasis added]; cf. Matter of Wallace, 239 AD2d at 16; Matter of Braker, 123 AD2d 585, 585 [1st Dept 1986]).
One final point warrants mention. Despite the dismissal here of BGI and Janice Gruber's cross claims on jurisdictional grounds, the Court expresses no view on whether a plenary action in a particular forum may be the more appropriate vehicle for the monetary relief they pursue. Nor does the Court express any view on whether BGI, Janice Gruber, or the estate may potentially have a viable claim against Eric Gruber and the propriety of any potential claim(s) against him by any such party. Accordingly, it is hereby:
Ordered that the instant action/proceeding is dismissed in its entirety due to lack of subject matter jurisdiction; and it is further
Ordered that the subject cross claims asserted by the codefendants BEN GRUBER, INC. and JANICE GRUBER in their respective answers, as filed in the Westchester Supreme Court under Index No. 59865/2019, are denied and dismissed without prejudice; and it is further
Ordered that the joint motion of codefendants Ben Gruber, Inc. and Janice Gruber for an order granting default judgment against defendant Eric Gruber is rendered academic and denied as moot; and it is further
Ordered that the preliminary conference Order, dated January 10, 2025, is vacated in its entirety; and it is further
Ordered that the Compliance Conference scheduled for August 22, 2025 is marked off and [*6]removed from the court calendar.
The foregoing constitutes the final Decision and Order of this Court.
The Court Clerk is respectfully asked to forward a copy of this final Decision and Order to the attorneys. 
Dated: March 27, 2025
Carmel, New York
E N T E R:
HON. ANTHONY R. MOLÉ
SURROGATE

Footnotes

Footnote 1:BGI interposed an answer asserting a cross claim of offset of monies and recoupment against Eric Gruber on July 24, 2019 (see NY St Cts Elec Filing [NYSCEF] Doc No. 13, answer of BGI ¶ 11-46). On October 21, 2021, Janice Gruber filed an amended answer asserting an identical cross claim against Eric Gruber (see NYSCEF Doc No. 63, amended answer of Janice Gruber ¶ 30-63).

Footnote 2:The caption of this action initiated in Westchester Supreme Court was never amended.

Footnote 3:"While the 'sole source of its power' was once legislative, the 'legislative course of repeatedly enlarging the Surrogate's power' culminated in the 1962 amendment of the New York Constitution to give constitutional stature to the Surrogate's authority" (Matter of Parisi, 111 AD3d 941, 944 [2d Dept 2013] [internal brackets omitted], quoting Matter of Piccione, 57 NY2d 278, 287 [1982]).